IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2008 MAR 24  P 12: 14

| | | |
|---|---|---|
| RITA SHAE WOODHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:08-CV-207-MHT |
| | ) | |
| WAL-MART STORES, INC., ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT
     MIDDLE DISTRICT OF ALABAMA
     SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in Plaintiff's Complaint as "Wal-Mart Stores, Inc.," gives notice pursuant to 28 U.S.C. §§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Coffee County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division. As grounds for this removal, Defendant shows as follows:

1. An action was commenced against Defendants in the Circuit Court of Coffee County, Alabama, entitled *"Rita Shae Woodham v. Wal-Mart Stores, Inc., et. al. Defendants,"* Civil Action No. CV-08-0044. The documents attached hereto as Exhibit "A" constitute all of the process, pleadings, and orders served upon Defendant in this action.

2. According to the Circuit Clerk's office for the Circuit Court of Coffee County, Alabama, service of the initial pleading setting forth Plaintiff's claim for relief

was effected upon Wal-Mart on February 22, 2008, which was Defendant's first actual notice of this action.

3. This notice of removal is filed in the United States District Court for the Middle District of Alabama, Southern Division, within 30 days after the receipt by Wal-Mart "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," in accordance with 28 U.S.C. § 1446 (b). The Circuit Court of Coffee County, Alabama, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441 (a) & (b).

4. This court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5. The presence of fictitious party Defendants in this case has no bearing on diversity with respect to removal. "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441 (c).

6. Plaintiff is, upon information and belief, now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the state of Alabama. Plaintiff is a resident of and domiciled in the city of Pinckard, Alabama. (See attached Exhibit "B.") Defendant Wal-Mart is now, and was at the time of the commencement of this action, a limited partnership incorporated under the laws of the state of Delaware with its principal place of business in the state of Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC is incorporated

in Delaware with its principal place of business in Arkansas. WSE Investment, LLC is incorporated in Delaware with its principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, Inc., whose parent company is Wal-Mart Stores, Inc.. Wal-Mart Stores, Inc. is incorporated in Delaware with its principal place of business in Arkansas. Upon information and belief, Defendant Ray Coots is a citizen and resident of Alabama. However, the residency of Defendant Coots is irrelevant as he was fraudulently joined in this action (see argument and cases below).

7. This action arises out of a slip-and-fall at Wal-Mart store # 734 in Enterprise, Alabama. In her Complaint, Plaintiff alleges that defendants negligently, intentionally, wantonly and/or recklessly caused or allowed a container of a product known as "Greased Lightning" to be placed upon a shelf with a portion of it extending over the shelving, that the defendants negligently, wantonly and/or recklessly caused or allowed the product to fall and spill, and that the injuries she sustained when she fell were the direct and proximate consequence of the intentional, wantonness, and recklessness of the defendants. (Complaint, Counts One-Four).

<u>Fraudulent Joinder</u>

8. Plaintiff has fraudulently joined an individual defendant, Ray Coots, in an attempt to destroy diversity and prevent removal of this action. Where a non-diverse defendant is named in the initial state court complaint as part of a tactical effort to defeat diversity jurisdiction, the fraudulent joinder doctrine permits district courts to assume jurisdiction over a case even if there are named defendants who lack diversity at the time the case is removed. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1562 (11th Cir.

1989) (citizenship of a fraudulently joined defendant may be disregarded in determining whether diversity jurisdiction exists). *See also Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The doctrine of fraudulent joinder is applicable when the plaintiff, a citizen of the forum state, joins a resident defendant with a non-resident defendant. The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state. *See Tolbert v. United Ins. Co. of America*, 853 F. Supp. 1374 (M.D. Ala. 1994) (citing *Parks v. New York Times*, 308 F.2d 474, 477 (5th Cir. 1962)).

9. In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either: (a) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (b) that there has been outright fraud in the plaintiff's pleadings of jurisdiction facts. *Pacheco De Perez v. AT&T Co.*, 139 F.3d 1368 (11th Cir. 1998); *Charest v. Olin Corporation*, 542 F. Supp. 771 (N.D. Ala., 1982) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)). *See also Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

10. Removal is proper because Plaintiff's Complaint fails to establish a cause of action against Mr. Coots. *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d 1350, 1353-54 (S.D. Ala. 2003) ("A defendant (typically a resident of the forum) is fraudulently joined if there is no possibility that the plaintiff can prove a cause of action against him."). Alabama law generally requires that officers and employees of a corporation may only be held liable for torts in which they personally participated or to which they personally

contributed. *See Kimbrough v. Dial*, 2006 WL 3627102, *5 (S.D. Ala. Dec. 11, 2006) ("Certainly, it is a correct statement of Alabama law that an agent of the corporation cannot be held liable for a corporation's negligent or wrongful acts unless she contributed to or participated in them."); *see generally Ex parte McInnis*, 820 So.2d 795, 798-99 (Ala. 2001) ("A corporate agent who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort."); *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So.2d 774, 775 (Ala. 1986) ("In Alabama, the general rule is that officers or employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity.").

11.  Plaintiff's Complaint has not alleged that Mr. Coots owed her a duty or, if a duty existed, that he breached such a duty. In fact, there are no allegations of any personal participation by Coots, that he had a duty to personally maintain the aisles of the Wal-Mart store in a safe condition, that he failed to discharge that responsibility, that he had a duty to inspect and failed to properly inspect the shelving, or that he personally and improperly placed the product on the shelf. Plaintiff's Complaint merely states that Mr. Coots is employed by Wal-Mart and includes a general allegation of negligence as follows:

> "The Defendant Wal-mart [sic] Stores, Inc. employed fictitious Defendant X,Y,Z and Defendant Ray Coots. The *Defendants* negligently failed to properly inspect the shelving to assure that the shelving and the product placed upon it complied with minimal safety procedures designed to prevent product from being knocked into the passageways and the aisles that were to be dispersed by customers." (emphasis added) (Complaint, Count Three, ¶ 1.)

There is no possibility that Plaintiff can prove a cause of action against Mr. Coots. Therefore his residence is due to be disregarded by this Court for purposes of removal. *GMFS, L.L.C. v. Bounds*, 275 F. Supp. 2d at 1353-54.

### Amount in Controversy

11.  Plaintiff's Complaint seeks compensatory and punitive damages against the Defendant in the amount of $1,200,000.00. (Complaint.) Plaintiff alleges that as a direct and proximate consequence of the negligence and/or wantonness "of the Defendant the Plaintiff was injured in her person, has loss [sic] her employment, has been temporarily, totally disabled, is expected to suffer disability in the future, has incurred medical expenses in the past, is expected [sic] medical expenses in the future, has loss [sic] earnings, is expected to lose earnings in the future, has suffered pain, interference with her enjoyment of life, the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses." (Complaint, Count One ¶ 5, Count Two ¶ 5, Count Three ¶ 6, Count Four ¶5.) Plaintiff seeks compensatory and punitive damages in an amount exceeding $75,000.00. The time to ascertain whether the requisite jurisdictional amount exists is the time the Notice of Removal is filed. *See Ellis v. Logan Co.*, 543 F. Supp. 586 (W.D. Ky. 1982).

12.  This action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

13. Pursuant to 28 U.S.C. § 1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Coffee County, Alabama, and a written notice of this removal has been served on all adverse parties as required by law.

14. If any questions arise as to the propriety of the removal of this action, the removing Defendants request the opportunity to present a brief and oral argument in support of its position that this cause is removable.

DATED this day, March 21, 2008.

_____
W. PEMBLE DELASHMET (DELAW0873)
CHAD C. MARCHAND      (MARCC5089)
JENNIFER A. DOUGHTY    (DOUGJ5407)
Attorneys for Defendants, Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Tax ID 20-5457973
Telephone:   (251) 433-1577
Facsimile:    (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day March 21, 2008, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Charles N. Reese
Post Office Box 250
Daleville, Alabama 36322

_____
OF COUNSEL

| State of Alabama<br>Unified Judicial System<br>Form C-34    Rev 6/88 | **SUMMONS<br>-CIVIL-** | Case Number<br>CV 08-44 |
|---|---|---|

IN THE _____ Circuit _____ COURT OF _____ Coffee County _____ COUNTY

Plaintiff __RITA SHAE WOODHAM__ v. Defendant __WALMART STORES, INC., RAY COOTS, FICTIOUS AND XYZ__

NOTICE TO _____ Walmart Stores, Inc.  C/O _____
The Corporation Company, 2000 Interstate Park Drive, Ste 204, Montgomery, AL. 36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ Charles N. Reese _____ WHOSE ADDRESS IS _____ P.O. Drawer 250 _____
Daleville, Alabama 36322.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of _Plaintiff_ pursuant to the Alabama Rules of Civil Procedure.

Date __2/11/08__                    _____ By_____
                                             Clerk/Register

[✓] Certified Mail is hereby requested.        _____
                                             Plaintiff's/Attorney's Signature

FEB 2008
FILED
M. Coutts
Court Clerk
Coffee Co. AL

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____ (Date)

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

_____         _____
Date                             Server's Signature

_____         _____
Type of Process Server           Address of Server

                                _____
                                Phone Number of Server

**EXHIBIT A**

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA

| | |
|---|---|
| RITA SHAE WOODHAM )<br>)<br>VS. )<br>)<br>WALMART STORES, INC., )<br>RAY COOTS, and FICTIOUS )<br>DEFENDANTS, XYZ )<br>BEING THE CORRECT NAME OF )<br>THAT PERSON OR INDIVIDUAL )<br>EMPLOYED BY WALMART WHO )<br>PLACED THE GREASED LIGHTNING )<br>UPON THE SHELF IN A )<br>NEGLIGENT MANNER. ) | CASE NO. CV-08-44 |

## COMPLAINT

### COUNT ONE

COMES now the Plaintiff in the above style cause and shows unto the court as follows:

1. On or about the 13th day of September 2006 in the City of Enterprise, Coffee County Alabama, fictitious defendant X did negligently cause or allowed a container of a product known as Greased Lightning to be placed upon a shelf with a portion of it extending over the edge of the shelving.

2. As a direct and proximate consequence of the placement of the product upon the shelf the product was caused or allowed to fall to the floor where it had the appearance of water. The product in fact was not water and was extremely slick, a condition that was unknown to the Plaintiff.

3. As the Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non-skid boots she conversed where the liquid, appearing to be water, was

on the floor at which time she lost her footing, fell and injured herself as a proximate result of the negligence of the Defendant.

4. Plaintiff shows onto the court that she could not appreciate the danger since she had no reason to believe that the liquid on the floor was anything other than water.

5. As a direct and proximate consequence of the negligence of the Defendant the Plaintiff was injured in her person, has loss her employment, has been temporarily, totally disabled, is expected to suffer disability into the future, has incurred medical expenses in the past, is expected medical expenses in the future, has loss earnings, is expected to lose earnings in the future, has suffered pain, interference with her enjoyment of life, the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses.

WHEREFORE Plaintiff demands judgment against the Defendant in the sum of $1,200,000.00.

## COUNT TWO

1. On or about the 13th day of September the Defendants did intentionally and wantonly and recklessly placed a bottle of Greased Lightning upon a shelf in such a manner that the edge of the bottle hung over the shelf. As a consequence of the placement of the bottle on the shelf it fell to the floor and broke leaving a liquid on the floor that appeared to be water.

2. As a direct and proximate consequence of the placement of the product upon the shelf the product was caused or allowed to fall to the floor where it had the

appearance of water. The product in fact was not water and was extremely slick, a condition that was unknown to the Plaintiff.

3. As Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non- skid boots she conversed where the liquid appearing to be water was on the floor at which time she lost her footing, fell and injured herself as a proximate result of the wantonness of the Defendant.

4. Plaintiff shows onto the court that she could not appreciate the danger since she had no reason to believe that the liquid on the floor was anything other than water.

5. As a direct and proximate consequence of the wantonness of the Defendant the Plaintiff was injured in her person, has loss her employment, has been temporarily, totally disabled, is expected to suffer disability into the future, has incurred medical expenses in the past, is expected medical expenses in the future, has loss earnings, is expected to lose earnings in the future, has suffered pain, interference with her enjoyment of life, the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses.

WHEREFORE Plaintiff demands judgment against the Defendant in the sum of $1,200,000.00.

### COUNT THREE

1. The Defendant Wal-mart Stores, Inc. employed fictitious Defendant X,Y,Z and Defendant Ray Coots. The Defendants negligently failed to properly inspect the shelving to assure that the shelving and the product placed upon it complied with

minimal safety procedures designed to prevent product from being knocked into the passageways and the aisles that were to be dispersed by customers.

2. On or about the 13th day of September the Defendants did wantonly placed a bottle of Greased Lightning upon a shelf in such a manner that the edge of the bottle hung over the shelf. As a consequence of the placement of the bottle on the shelf it fell to the floor and broke leaving a liquid on the floor that appeared to be water.

3. As a direct and proximate consequence of the placement of the product upon the shelf the product was caused or allowed to fall to the floor where it had the appearance of water. The product in fact was water and was extremely slick, a condition that was unknown to the Plaintiff.

4. As the Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non- skid boots she conversed where the liquid appearing to be water was on the floor at which time she lost her footing, fell and injured herself as a proximate result of the wantonness of the Defendant.

5. Plaintiff shows onto the court that she could not appreciate the danger since she had no reason to believe that the liquid on the floor was anything other than water.

6. As a direct and proximate consequence of the wantonness of the Defendant the Plaintiff was injured in her person, has loss her employment, has been temporarily, totally disabled, is expected to suffer disability into the future, has incurred medical expenses in the past, is expected medical expenses in the future, has loss earnings, is expected to lose earnings in the future, has suffered pain, interference with

her enjoyment of life, the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses.

WHEREFORE Plaintiff demands judgment against the Defendant in the sum of $1,200,000.00.

## COUNT FOUR

1. On or about the 13th day of September 2006 in the City of Enterprise, Coffee County Alabama, the fictitious defendant x did intentionally, wantonly, and recklessly caused or allowed a container of a product known as Greased Lightning to be placed upon a shelf with a portion of it extending over the edge of the shelving.

2. As a direct and proximate consequence of the placement of the product upon the shelf the product was caused or allowed to fall to the floor where it had the appearance of water. The product in fact was water and was extremely slick a condition that was unknown to the Plaintiff.

3. As the Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non- skid boots she conversed where the liquid appearing to be water was on the floor at which time she lost her footing, fell and injured herself as a proximate result of the intentional, wantonness, and recklessness of the Defendant.

4. Plaintiff further shows onto the court that she could not appreciate the danger since she had no reason to believe that the liquid on the floor was anything other than water.

5. As a direct and proximate consequence of the intentional, wantonness, and recklessness of the Defendant the Plaintiff was injured in her person, has loss her

employment, has been temporarily, totally disabled, if expected to suffer disability into the future, has incurred medical expenses in the past, is expected medical expenses in the future, has loss earnings, is expected to lose earnings in the future, has suffered pain, interference with her enjoyment of life, the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses.

WHEREFORE Plaintiff demands judgment against the Defendant in the sum of $1,200,000.00.

*Charles N. Reese (RE-C10)*
Attorney for the Plaintiff
P.O. Box 250
Daleville, Alabama 36322
(334) 598-6321

Plaintiff demands trial by struck jury.

*Charles N. Reese*



ELECTRONICALLY FILED
3/6/2008 12:19 PM
CV-2008-900016.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
MARY BLUDSWORTH, CLERK

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

| | |
|---|---|
| WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2004-FFH3 BY: SAXON MORTGAGE SERVICES, INC. AS ITS ATTORNEY-IN-FACT, | * * * * * * |
| Plaintiff, | * * |
| VS. | * CASE NO. CV-2008-900016 |
| RITA SHEA WOODHAM and A-Z | * * * |
| Defendant. | * |

## MOTION TO DISMISS

**COMES NOW** the Defendant, **RITA SHEA WOODHAM,** by and through her counsel of record, Thadius W. Morgan, Jr., and hereby moves this Honorable Court to dismiss this case, and for grounds states as follows:

1. On February 19, 2008, the Circuit Court of Dale County, Alabama entered a Default Judgment, in case number CV-2007-253, permanently restraining and enjoining the Plaintiff in the instant case from proceeding with the foreclosure of Rita Shea Woodham's property located at 134 McLean Street, Pinkard, Alabama. (See Default Judgment attached hereto as Exhibit "A").

2. This action is due to be dismissed.

WHEREFORE, Defendant prays that this Court order dismissal of this case.

Respectfully submitted this the 6th day of March, 2008.

/s/ Thadius W. Morgan, Jr.
THADIUS W. MORGAN, JR. (MOR072)

OF COUNSEL:
Thadius W. Morgan, Jr.
Post Office Box 310396
Enterprise, Alabama 36331
(334) 347-8130

EXHIBIT B

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing on all counsel of record for the parties by placing a copy of same in the U.S. Mail, postage prepaid and addressed to their regular mailing addresses.

This the 6th day of March, 2008.

                                                                                                           _/s/Thadius W. Morgan, Jr._
                                                                                                           Of Counsel

| | |
|---|---|
| RITA SHEA WOODHAM, | IN THE CIRCUIT COURT FOR |
| PLAINTIFF, | DALE COUNTY, ALABAMA |
| VS. | |
| | CASE NO.: CV-2007-253 |
| WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST BY SAXON MORTGAGE SERVICES, INC., | |
| DEFENDANTS. | |

### DEFAULT JUDGMENT

Upon consideration of the Plaintiff's Application for Entry of Default and Default Judgment and Supporting Affidavit and the Complaint, and Proof of Service in the Court file, it is **ORDERED, ADJUDGED** and **DECREED** that:

The Defendant, **WELLS FARGO BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST BY SAXON MORTGAGE SERVICES, INC.**, is hereby permanently restrained and enjoined from proceeding with the foreclosure sale of the Plaintiff's property located at 134 McLean Street, Pinkard, Alabama. It is further ordered that a judgment be entered in favor of the Plaintiff and against the Defendant in the amount of $1454.00, which consists of attorney fees in the amount of $1200.00, and costs of court in the amount of $254.00.

DONE this the 15th day of February, 2008.

s/ [signature]
CIRCUIT JUDGE

CERTIFIED TO BE A TRUE COPY
ATTEST
REGISTER-CLERK
Circuit Court, Dale County, AL

FILED
DALE COUNTY AL
FEB 19 2008
CIRCUIT CLERK



ELECTRONICALLY FILED
3/7/2008 2:07 PM
CV-2008-900016.00
CIRCUIT COURT OF
DALE COUNTY, ALABAMA
MARY BLUDSWORTH, CLERK

IN THE CIRCUIT COURT OF DALE COUNTY, ALABAMA

| | | |
|---|---|---|
| WELLS FARGO NATIONAL ASSOCAITION, AS TRUSTEE FOR F, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:   CV-2008-900016.00 |
| | ) | |
| WOODHAM RITA SHEA, | ) | |
| Defendant. | ) | |

ORDER

MOTION TO DISMISS filed by WOODHAM RITA SHEA is hereby GRANTED.

DONE this 7th day of March, 2008

/s P. B. MCLAUCHLIN

CIRCUIT JUDGE

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004413
Cashier ID: khaynes
Transaction Date: 03/24/2008
Payer Name: DELASHMET AND MARCHAND PC
-----------------------------------
CIVIL FILING FEE
 For: DELASHMET AND MARCHAND PC
 Case/Party: D-ALM-1-08-CV-000207-001
 Amount:         $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 2580
 Amt Tendered: $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

RITA SHAE WOODHAM V. WALMART
STORES, INC. ET AL
```