IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2008 MAR 24 P 12: 14

| | | |
|---|---|---|
| RITA SHAE WOODHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:08-CV-207-MHT |
| | ) | |
| WAL-MART STORES, INC., ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**DEMAND FOR JURY TRIAL**

ANSWER

Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart") incorrectly identified in the Complaint as WAL-MART STORES, INC., answers Plaintiff's Complaint as follows with each number paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

COUNT ONE

1. As this paragraph refers to fictitious defendants, it requires no response from Wal-Mart. Inasmuch as the allegations contained in this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

2. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

3. Wal-Mart admits that Plaintiff noticed a "puddle" on the floor. As to the remaining portions of this paragraph, Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations and, therefore, must deny the same and demand strict proof thereof.



4. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

5. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

Wal-Mart denies the allegations of the unnumbered paragraph following Count One, paragraph 5, beginning "Wherefore" and demands strict proof thereof.

## COUNT TWO

1. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

2. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

3. Wal-Mart admits that Plaintiff noticed a "puddle" on the floor. As to the remaining portions of this paragraph, Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations and, therefore, must deny the same and demand strict proof thereof.

4. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

5. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

Wal-Mart denies the allegations of the unnumbered paragraph following Count Two, paragraph 5, beginning "Wherefore" and demands strict proof thereof.

## COUNT THREE

1. Wal-Mart admits that it employed Defendant Ray Coots. As to the remaining portions of this paragraph which refer to fictitious defendants, it requires no response from Wal-Mart. Inasmuch as the allegations contained in this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

2. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

3. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

4. Wal-Mart admits that Plaintiff noticed a "puddle" on the floor. As to the remaining portions of this paragraph, Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations and, therefore, must deny the same and demand strict proof thereof.

5. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

6. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

Wal-Mart denies the allegations of the unnumbered paragraph following Count Three, paragraph 6, beginning "Wherefore" and demands strict proof thereof.

## COUNT FOUR

1. As this paragraph refers to fictitious defendants, it requires no response from Wal-Mart. Inasmuch as the allegations contained in this paragraph may be

construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

2. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

3. Wal-Mart admits that Plaintiff noticed a "puddle" on the floor. As to the remaining portions of this paragraph, Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations and, therefore, must deny the same and demand strict proof thereof.

4. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

5. Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

Wal-Mart denies the allegations of the unnumbered paragraph following Count Four, paragraph 5, beginning "Wherefore" and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

2. Defendant Wal-Mart denies each and every material allegation of Plaintiff's Complaint and demands strict proof thereof.

3. The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Alabama law.

4

4. Without notice of the alleged hazard about which a Plaintiff complains, under Alabama law a Defendant does not owe a duty to a Plaintiff to eliminate the alleged hazard.

5. No act or omission of defendant Wal-Mart was the proximate cause of any injury to Plaintiff.

6. Defendant Wal-Mart owed Plaintiff no duty as alleged.

7. Plaintiff assumed the risk of conditions present and the dangers inherent therein.

8. Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant Wal-Mart.

9. Wal-Mart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of her injury; therefore, Plaintiff should not recover from Defendant.

10. Defendant Wal-Mart respectfully demands credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

11. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because such an award under these facts would violate the defendant's right to procedural and substantive due process.

12. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because the alleged culpability of the defendant's

5

conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

13. Plaintiff's claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

14. Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States in each of the following separate and several ways:

   a. It seeks an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

   b. It seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

   c. It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

   d. It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

   e. It seeks punitive damages for conduct by the defendant which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

   f. It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U. S. Constitution.

g.  It seeks joint and several punitive damages liability from defendants who are guilty of different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution.

h.  It would result in multiple awards of punitive damages for the same alleged acts or omissions in violation of the Fifth, Seventh, Eighth and Fourteenth Amendments of the U.S. Constitution.

i.  It seeks punitive damages based, in whole or part, upon evidence of out-of-state conduct that is immaterial and/or lawful in the jurisdiction where it occurred, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

j.  It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct that harmed the plaintiff, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

k.  It seeks punitive damages based, in whole or part, upon the financial status of the defendant, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment.

l.  It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

m.  The applicable state law does not provide fair notice of the conduct that will subject the defendant to punishment, nor a reasonable limitation on the degree of punishment, nor fair notice of the severity of punishment for the alleged misconduct, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

n.  The plaintiff's claim improperly seeks to justify an award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct, thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

o.  The applicable state law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

15.   The amount of punitive damages (if any) is a question of law, and not a fact question for the jury; accordingly plaintiff's request for a jury trial on that issue is

due to be stricken or, in the alternative, the jury verdict is not entitled to any weight or deference whatsoever, pursuant to *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

16. Defendants reserve the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

DEFENDANTS DEMAND TRIAL BY STRUCK JURY.

Respectfully submitted,

_____
W. PEMBLE DELASHMET  (DELAW0873)
CHAD C. MARCHAND     (MARCC5089)
JENNIFER A. DOUGHTY  (DOUGJ5407)
Attorneys for Defendants, Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Tax ID 20-5457973
Telephone:  (251) 433-1577
Facsimile:   (251) 433-1578

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this day March 21, 2008, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

Charles N. Reese
Post Office Box 250
Daleville, Alabama 36322

_____
OF COUNSEL