IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RITA SHAE WOODHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:08 CV 207 |
| | ) |
| WAL-MART STORES, INC., ET AL., | ) |
| | ) |
| Defendant. | ) |

NOTICE OF FILING

Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart") incorrectly identified in the Complaint as WAL-MART STORES, INC., gives notice to the Court of the filing of the State Court file, in support of its Notice of Removal.

    Respectfully submitted,

    /s/ Jennifer A. Doughty
    W. PEMBLE DELASHMET (DELAW0873)
    CHAD C. MARCHAND      (MARCC5089)
    JENNIFER A. DOUGHTY   (DOUGJ5407)
    Attorneys for Defendants, Wal-Mart Stores East, LP

OF COUNSEL:

DeLashmet & Marchand, P.C.
Post Office Box 2047
Mobile, AL 36652
Tax ID 20-5457973
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

2

## CERTIFICATE OF SERVICE

      I hereby certify that I have on this day March 26, 2008, filed the foregoing with the Clerk of the Court using the appropriate electronic filing system, which will send notice to the following counsel of record:

Charles N. Reese
Post Office Box 250
Daleville, Alabama  36322


                                                /s/ Jennifer A. Doughty
                                                OF COUNSEL

```
AVS0350                   ALABAMA JUDICIAL DATA CENTER
                               COFFEE        COUNTY
                                  SUMMONS
                                                          CV 2008 000044.00
                                                          JEFFERY W KELLEY
----------------------------------------------------------------------------
              IN THE CIRCUIT  COURT OF COFFEE          COUNTY
  RITA SHAE WOODHAM VS. WALMART STORES, INC., RAY COOTS, ET ALS
      SERVE ON: (D001)
      SSN: 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                    PLAINTIFF'S ATTORNEY
      WALMART STORES, INC.                REESE CHARLES N
      C/O THE CORPORATION CO.             P O BOX 250
      2000 INT PK DR-STE 204
      MONTGOMERY      ,AL  36109-0000     DALEVILLE       ,AL  36322-0000
----------------------------------------------------------------------------
  TO THE ABOVE NAMED DEFENDANT:
   THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
  TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE
  REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
  ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
  ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

   THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
  AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
  ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
  YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.
----------------------------------------------------------------------------
   ( )   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
         4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
         YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
         COMPLAINT IN THIS ACTION UPON DEFENDANT.

   ( )   THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
         WRITTEN REQUEST OF _____ PURSUANT TO RULE 4.1(C)
         OF THE ALABAMA RULES OF CIVIL PROCEDURE.

      DATE: 02/25/2008                    CLERK: JAMES M COUNTS
                                                 P. O. BOX 311284
                                                 ENTERRPISE  AL  36331-1284
                                                 (334)347-2519
----------------------------------------------------------------------------
      RETURN ON SERVICE:
    ( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
          (RETURN RECEIPT HERETO ATTACHED)
    ( )   I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
          COMPLAINT TO _____
          IN _____ COUNTY, ALABAMA ON (DATE) _____

      _____              _____
      DATE                                  SERVER SIGNATURE

      _____              _____
      SERVER ADDRESS                        TYPE OF PROCESS SERVER
----------------------------------------------------------------------------
  OPERATOR: KAT
  PREPARED: 02/25/2008
```

```
AVS0350                    ALABAMA JUDICIAL DATA CENTER
                                COFFEE      COUNTY
                                     SUMMONS
                                                              CV 2008 000044.00
                                                              JEFFERY W KELLEY
```

---

                IN THE CIRCUIT COURT OF COFFEE       COUNTY

RITA SHAE WOODHAM VS. WALMART STORES, INC., RAY COOTS, ET ALS

    SERVE ON: (D002)

    SSN: 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                      PLAINTIFF'S ATTORNEY

    COOTS RAY                             REESE CHARLES N
    WAL-MART SUPERCENTER                  P O BOX 250
    600 BOLL WEEVIL CIRCLE
    ENTERPRISE     ,AL   36330-0000       DALEVILLE     ,AL   36322-0000

---

TO THE ABOVE NAMED DEFENDANT:
 THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE
REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER
ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS
ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

 THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS
AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE
ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

---

  ( )   TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR
        4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE:
        YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE
        COMPLAINT IN THIS ACTION UPON DEFENDANT.

  ( )   THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE
        WRITTEN REQUEST OF                       PURSUANT TO RULE 4.1(C)
        OF THE ALABAMA RULES OF CIVIL PROCEDURE.

    DATE: 02/25/2008                     CLERK: JAMES M COUNTS
                                                P. O. BOX 311284
                                                ENTERRPISE  AL  36331-1284
                                                (334)347-2519

---

    RETURN ON SERVICE:

  ( )   CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
        (RETURN RECEIPT HERETO ATTACHED)

  ( )   I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
        COMPLAINT TO _____
        IN _____ COUNTY, ALABAMA ON (DATE) _____

  _____      _____
  DATE                                   SERVER SIGNATURE

  _____      _____
  SERVER ADDRESS                         TYPE OF PROCESS SERVER

---

OPERATOR: KAT
PREPARED: 02/25/2008

| State of Alabama<br>Unified Judicial System | **SUMMONS** | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | **-CIVIL-** | CV08-44 |

IN THE _____Circuit_____ COURT OF _____Coffee County_____ COUNTY

Plaintiff _____RITA SHAE WOODHAM_____ v. Defendant _____WALMART STORES, INC., RAY COOTS, FICTIOUS AND XYZ_____

NOTICE TO _____Walmart Stores, Inc. C/O_____
_____The Corporation Company, 2000 Interstate Park Drive, Ste 204, Montgomery, AL. 36109_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADDMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____Charles N. Reese_____ WHOSE ADDRESS IS _____P.O. Drawer 250_____
_____Daleville, Alabama 36322_____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☑ Service by certified mail of this summons is initiated upon the written request of _____Plaintiff_____ pursuant to the Alabama Rules of Civil Procedure.

Date __2/14/08__   _____ Clerk/Register   By _____

[Stamp: FEB 2008 FILED JM Counts Clerk Coffee Co. AL]

☑ Certified Mail is hereby requested    _____ Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:**

☐ Return receipt of certified mail received in this office on _____ (Date).

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date).

_____    _____
Date                                            Server's Signature

_____    _____
Type of Process Server                Address of Server

                                                    _____
                                                    Phone Number of Server

| State of Alabama Unified Judicial System | **SUMMONS -CIVIL-** | Case Number |
|---|---|---|
| Form C-34   Rev 6/88 | | W-18-44 |

IN THE _____Circuit_____ COURT OF _____Coffee County_____ COUNTY

Plaintiff _____RITA SHAE WOODHAM_____ v. Defendant _____WALMART STORES, INC., RAY COOTS, FICTIOUS AND XYZ_____

NOTICE TO _____Ray Coots_____
_____Wal-Mart Supercenter 600 Boll Weevil Circle Enterprise, Alabama 36330_____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____Charles N. Reese_____ WHOSE ADDRESS IS _____P.O. Drawer 250_____
_____Daleville, Alabama 36322_____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN __30__ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

[✓] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date __2/14/08__ _____ By:_____
                                 Clerk/Register

[ ] Certified Mail is hereby requested.       _____
                                              Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

[ ] Return receipt of certified mail received in this office on _____
                                                                  (Date)
[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____
in _____ County, Alabama on _____
                                                     (Date)

_____          _____
Date                           Server's Signature

_____          _____
Type of Process Server         Address of Server

                               _____
                               Phone Number of Server

IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA

RITA SHAE WOODHAM )
)
VS. )
) CASE NO. CV-08-44
WALMART STORES, INC., )
RAY COOTS, and FICTIOUS )
DEFENDANTS, XYZ )
BEING THE CORRECT NAME OF )
THAT PERSON OR INDIVIDUAL )
EMPLOYED BY WALMART WHO )
PLACED THE GREASED LIGHTNING )
UPON THE SHELF IN A )
NEGLIGENT MANNER. )

## COMPLAINT

### COUNT ONE

COMES now the Plaintiff in the above style cause and shows unto the court as follows:

1. On or about the 13th day of September 2006 in the City of Enterprise, Coffee County Alabama, fictitious defendant X did negligently cause or allowed a container of a product known as Greased Lightning to be placed upon a shelf with a portion of it extending over the edge of the shelving.

2. As a direct and proximate consequence of the placement of the product upon the shelf the product was caused or allowed to fall to the floor where it had the appearance of water. The product in fact was not water and was extremely slick, a condition that was unknown to the Plaintiff.

3. As the Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non-skid boots she conversed where the liquid, appearing to be water, was

on the floor at which time she lost her footing, fell and injured herself as a proximate result of the negligence of the Defendant.

4. Plaintiff shows onto the court that she could not appreciate the danger since she had no reason to believe that the liquid on the floor was anything other than water.

5. As a direct and proximate consequence of the negligence of the Defendant the Plaintiff was injured in her person, has loss her employment, has been temporarily, totally disabled, is expected to suffer disability into the future, has incurred medical expenses in the past, is expected medical expenses in the future, has loss earnings, is expected to lose earnings in the future, has suffered pain, interference with her enjoyment of life, the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses.

WHEREFORE Plaintiff demands judgment against the Defendant in the sum of $1,200,000.00.

## COUNT TWO

1. On or about the 13th day of September the Defendants did intentionally and wantonly and recklessly placed a bottle of Greased Lightning upon a shelf in such a manner that the edge of the bottle hung over the shelf. As a consequence of the placement of the bottle on the shelf it fell to the floor and broke leaving a liquid on the floor that appeared to be water.

2. As a direct and proximate consequence of the placement of the product upon the shelf the product was caused or allowed to fall to the floor where it had the

appearance of water. The product in fact was not water and was extremely slick, a condition that was unknown to the Plaintiff.

3.  As Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non- skid boots she conversed where the liquid appearing to be water was on the floor at which time she lost her footing, fell and injured herself as a proximate result of the wantonness of the Defendant.

4.  Plaintiff shows onto the court that she could not appreciate the danger since she had no reason to believe that the liquid on the floor was anything other than water.

5.  As a direct and proximate consequence of the wantonness of the Defendant the Plaintiff was injured in her person, has loss her employment, has been temporarily, totally disabled, is expected to suffer disability into the future, has incurred medical expenses in the past, is expected medical expenses in the future, has loss earnings, is expected to lose earnings in the future, has suffered pain, interference with her enjoyment of life, the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses.

WHEREFORE Plaintiff demands judgment against the Defendant in the sum of $1,200,000.00.

### COUNT THREE

1.  The Defendant Wal-mart Stores, Inc. employed fictitious Defendant X,Y,Z and Defendant Ray Coots. The Defendants negligently failed to properly inspect the shelving to assure that the shelving and the product placed upon it complied with

minimal safety procedures designed to prevent product from being knocked into the passageways and the aisles that were to be dispersed by customers.

    2.    On or about the 13th day of September the Defendants did wantonly placed a bottle of Greased Lightning upon a shelf in such a manner that the edge of the bottle hung over the shelf. As a consequence of the placement of the bottle on the shelf it fell to the floor and broke leaving a liquid on the floor that appeared to be water.

    3.    As a direct and proximate consequence of the placement of the product upon the shelf the product was caused or allowed to fall to the floor where it had the appearance of water. The product in fact was water and was extremely slick, a condition that was unknown to the Plaintiff.

    4.    As the Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non- skid boots she conversed where the liquid appearing to be water was on the floor at which time she lost her footing, fell and injured herself as a proximate result of the wantonness of the Defendant.

    5.    Plaintiff shows onto the court that she could not appreciate the danger since she had no reason to believe that the liquid on the floor was anything other than water.

    6.    As a direct and proximate consequence of the wantonness of the Defendant the Plaintiff was injured in her person, has loss her employment, has been temporarily, totally disabled, is expected to suffer disability into the future, has incurred medical expenses in the past, is expected medical expenses in the future, has loss earnings, is expected to lose earnings in the future, has suffered pain, interference with

her enjoyment of life, the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses.

WHEREFORE Plaintiff demands judgment against the Defendant in the sum of $1,200,000.00.

## COUNT FOUR

1.  On or about the 13th day of September 2006 in the City of Enterprise, Coffee County Alabama, the fictitious defendant x did intentionally, wantonly, and recklessly caused or allowed a container of a product known as Greased Lightning to be placed upon a shelf with a portion of it extending over the edge of the shelving.

2.  As a direct and proximate consequence of the placement of the product upon the shelf the product was caused or allowed to fall to the floor where it had the appearance of water. The product in fact was water and was extremely slick a condition that was unknown to the Plaintiff.

3.  As the Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non- skid boots she conversed where the liquid appearing to be water was on the floor at which time she lost her footing, fell and injured herself as a proximate result of the intentional, wantonness, and recklessness of the Defendant.

4.  Plaintiff further shows onto the court that she could not appreciate the danger since she had no reason to believe that the liquid on the floor was anything other than water.

5.  As a direct and proximate consequence of the intentional, wantonness, and recklessness of the Defendant the Plaintiff was injured in her person, has loss her

employment, has been temporarily, totally disabled, if expected to suffer disability into the future, has incurred medical expenses in the past, is expected medical expenses in the future, has loss earnings, is expected to lose earnings in the future, has suffered pain, interference with her enjoyment of life, the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses.

    WHEREFORE Plaintiff demands judgment against the Defendant in the sum of $1,200,000.00.

                                                     /s/ Charles N. Reese (REO06)
                                                     Charles N. Reese
                                                     Attorney for the Plaintiff
                                                     P.O. Box 250
                                                     Daleville, Alabama 36322
                                                     (334) 598-6321

Plaintiff demands trial by struck jury.

                                                     /s/ Charles N. Reese
                                                     Charles N. Reese