IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RITA SHAE WOODHAM ) | |
| ) | |
| VS. ) | |
| ) | CASE NO. 1:08 CV 207 |
| WALMART STORES EAST, L.P. ) | |
| RAY COOTS, ) | |
| DEFENDANTS, ) | |

Motion to Allow Amendment to the Complaint

Comes the plaintiff pursuant to FRCP 15 and moves the Honorable Court to permit the amendment to the complaint and as grounds therefore shows unto the court the following:

1. The amendment to the complaint comports more readily with the Federal Rules of the Civil Procedure in that it better defines the legal claims of the Plaintiff. The "Amended Complaint" is attached hereto and incorporated herein by reference.

2. Allowing the Plaintiff to amend the complaint permits a more concise, articulate and specific statement of the claims against the properly named Defendants.

3. Justice is promoted by allowing the amendment to the complaint.

4. The statute of limitations has not run on any cause of action set forth in the "Amended Complaint" and the complaint as amended more accurately defines the relationship between the parties and the respective legal responsibilities each has to the other.

5. To allow an amendment to the complaint does not substantially prejudice the Defendants.

7.   FRCP 15 encourages amendments to complaints to be freely granted where justice is promoted by the amendment.

Wherefore Plaintiff prays the court will permit the complaint to be amended as set forth in the "Amended Complaint" attached hereto.

S/Charles N. Reese
Charles N. Reese, (REE010)
Counsel for Rita Shae Woodham,
P. O. Drawer 250
Daleville, Alabama
36322
334-598-6321
cneville@alabamalaw.net

Certificate of Service

I hereby certify that the foregoing was served upon Jennifer A. Doughty, W. Pemble Delashmet, Chad C. Marchand Attorneys for Defendants Wal-Mart Stores East L.P. by the electronic filing system this the 11th day of April 2008. Defendant Ray Coots is served by regular mail postage prepaid at his last known address of 34 Cotton Creek, Enterprise, Alabama, 36330.

S/Charles N. Reese

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RITA SHAE WOODHAM** ) | |
| ) | |
| **VS.** ) | |
| ) | **CASE NO. 1:08 CV 207** |
| **WALMART STORES EAST, L.P.** ) | |
| **RAY COOTS,** ) | |
| **DEFENDANTS,** ) | |

**AMENDED COMPLAINT**

**STATEMENT OF THE PARTIES**

1. Wal-Mart Stores East L.P. is a subsidiary of Wal-Mart Stores, L.P. employing Ray Coots and operating a business known as the Wal-Mart Supercenter in Enterprise, Alabama where the plaintiff was injured.

2. Ray Coots is a resident citizen of at 34 Cotton Creek, Coffee County, Enterprise, Alabama, and is the manager of the Wal-Mart Supercenter in Enterprise, Alabama where the plaintiff was injured as a result of the acts and omissions set out in the following counts of the complaint. At all times relevant to the complaint Ray Coots had the authority and duty to supervise the employees of the Wal-Mart Supercenter in Enterprise, Alabama which he negligently and wantonly failed to do resulting in injury to the plaintiff. At all times relevant to the complaint the defendant was an employee of Wal-Mart Stores East, L.P. acting in the line and scope of his employment.

3. The Plaintiff, Rita Shae Woodham is a resident citizen of the State of Alabama residing at 1761 County Road 639, Coffee County, Enterprise, Alabama. The Plaintiff was at all times relevant to this complaint a business invitee of the Defendant's.

**COUNT ONE**

4. On or about the 13th day of September 2006 in the City of Enterprise Alabama defendant Walmart Stores, Inc. was conducting business through a subsidiary Wal-Mart Stores East, L.P. Ray Coots was at the time the manager of the store operated by the defendant Wal-Mart Stores East L.P. and had supervisory authority and responsibility over the ways, works and means of the store and the persons employed there.

5. On or about the 13th day of September 2006 the defendant Ray Coots while acting within the line and scope of his employment with defendant Wal-Mart Stores East, L.P. negligently fail to supervise an employee of defendant Wal-Mart Stores East, L.P. who negligently caused or allowed a container of a product known as Greased Lightning to be placed upon a shelf with a portion of it extending over the edge of the shelving in a manner that was unsafe and unreasonably dangerous to business invitees such as the plaintiff.

6. As a direct and proximate consequence negligence of the defendants resulting in the placement of the product upon the shelf the product was caused or allowed to fall to the floor where it had the appearance of water. The product in fact was not water and was extremely slick, a condition that was unknown to the Plaintiff.

7. As the Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non-skid boots she crossed where the liquid, appearing to be water, was on the floor at which time she lost her footing, fell and injured herself as a proximate result of the concurrent negligence of the Defendants who are named and other persons who

were either employed by the defendants and who are presently unknown and who were supervised by the defendant Ray Coots as an employee of defendant Wal-Mart Stores East, L.P.

8.     Plaintiff shows unto the court that she could not appreciate the danger of what appeared to be a puddle of water since she had no reason to believe that the liquid on the floor was anything other than water.

9.     As a direct and proximate consequence of the negligence of the Defendants the Plaintiff was injured in her person, has lost her employment, has been temporarily, totally disabled, is expected to suffer disability into the future, has incurred medical expenses in the past, is expected to incur medical expenses in the future, has lost earnings, is expected to lose earnings in the future, has suffered pain, has suffered interference with her enjoyment of life and the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses and pain and suffering in the future.

WHEREFORE Plaintiff demands judgment against the Defendant in the sum of $1,200,000.00 and costs.

## COUNT TWO

10.     On or about the 13th day of September the Defendants did intentionally and wantonly and recklessly allow a container of Greased Lightning to be placed upon a shelf in such a manner that the edge of the bottle hung over the shelf creating an unreasonably unsafe condition for business invitees such as the Plaintiff. As a consequence of the placement of the container on the shelf it fell to the floor and broke leaving a liquid on the floor that appeared to be water.

11.     As a direct and proximate consequence of the placement of the container upon the shelf the container was caused or allowed to fall to the floor where it had the appearance of water. The product in fact was not water and was extremely slick, a condition that was unknown to the Plaintiff.

12.     As Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non- skid boots she traversed the area where the liquid appearing to be water was on the floor at which time she lost her footing, fell and injured herself as a proximate result of the wantonness of the Defendants.

13.     Plaintiff shows unto the court that she could not appreciate the danger since she had no reason to believe that the liquid on the floor was anything other than water.

14.     As a direct and proximate consequence of the negligence of the Defendants the Plaintiff was injured in her person, has lost her employment, has been temporarily, totally disabled, is expected to suffer disability into the future, has incurred medical expenses in the past, is expected to incur medical expenses in the future, has lost earnings, is expected to lose earnings in the future, has suffered pain, has suffered interference with her enjoyment of life and the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses and pain and suffering in the future.

WHEREFORE Plaintiff demands judgment against the Defendants in the sum of $1,200,000.00 and costs

## COUNT THREE

15.     The Defendants, including the defendant Ray Coots, negligently failed to properly inspect the shelving to assure that the shelving and the product placed upon it complied with minimal standards of safety procedures employed by reasonable persons engaged in the retail sales business. The negligence of the defendants permitted the placement of a product container in a position which allowed it to overhang the edge of a shelf. It was reasonably foreseeable that the product would be knocked off of the shelf. As a result of the negligence of the defendants including Ray Coots to inspect the shelving or to cause the shelving to be inspected the plaintiff was injured.

16.     As a direct and proximate consequence of the negligent inspection of the shelving and the placement of the product upon the shelf the product was caused or allowed to fall to the floor where it had the appearance of water. The product in fact was not water and was extremely slick, a condition that was unknown to the Plaintiff.

17.     As the Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non- skid boots she attempted to cross where the liquid appearing to be water was on the floor at which time she lost her footing, fell and was injured as a proximate result of the negligence of the Defendants.

18.     Plaintiff shows unto the court that she could not appreciate the danger since she had no reason to believe that the liquid on the floor was anything other than water.

19.     As a direct and proximate consequence of the negligence of the Defendants the Plaintiff was injured in her person, has lost her employment, has been temporarily, totally disabled, is expected to suffer disability into the future, has incurred

medical expenses in the past, is expected to incur medical expenses in the future, has lost earnings, is expected to lose earnings in the future, has suffered pain, has suffered interference with her enjoyment of life and the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses and pain and suffering in the future.

WHEREFORE Plaintiff demands judgment against the Defendant in the sum of $1,200,000.00 and costs.

## COUNT FOUR

20. The Defendants, including the defendant Ray Coots, wantonly, recklessly and intentionally failed to properly inspect the shelving to assure that the shelving and the product placed upon it complied with minimal standards of safety procedures employed by reasonable persons engaged in the retail sales business and recklessly ignored the danger posed to the plaintiff a business invitee of the Defendants.. The wantonness and recklessness of the Defendants permitted the placement of a product container in a position which allowed it to overhang the edge of a shelf. It was reasonably foreseeable that the product would be knocked off of the shelf. The danger posed by the placement of the product was known by the Defendants or they reasonably should have known of the danger but the Defendants chose to ignore the danger or deliberately disregarded the danger posed to their business invitees including the Plaintiff. As a result of the negligence of the defendants including Ray Coots to inspect the shelving or to cause the shelving to be inspected the plaintiff was injured.

21. As a direct and proximate consequence of the wanton and reckless failure to inspect the shelving and the placement of the product upon the shelf the product was

caused or allowed to fall or be knocked onto the floor where it had the appearance of water. The product in fact was not water and was extremely slick, a condition that was unknown to the Plaintiff.

22. As the Plaintiff walked down the aisle looking for dog food she noticed a puddle of what she believed to be water on the floor and knowing that she was wearing rubber soled non- skid boots she attempted to cross where the liquid appearing to be water was on the floor at which time she lost her footing, fell and was injured as a proximate result of the wantonness and recklessness of the Defendants.

23 As a direct and proximate consequence of the wantonness and recklessness of the Defendants the Plaintiff was injured in her person, has lost her employment, has been temporarily, totally disabled, is expected to suffer disability into the future, has incurred medical expenses in the past, is expected to incur medical expenses in the future, has lost earnings, is expected to lose earnings in the future, has suffered pain, has suffered interference with her enjoyment of life and the inability to perform normal life functions that she could perform prior to her injury, and has suffered and will continue to suffer economic losses and pain and suffering in the future.

WHEREFORE Plaintiff demands judgment against the Defendant in the sum of $1,200,000.00 and costs.

S/Charles N. Reese
Charles N. Reese
Attorney for the Plaintiff
P.O. Box 250
Daleville, Alabama 36322
(334) 598-6321

Plaintiff demands trial by struck jury.


                                                S/Charles N. Reese
                                                Charles N. Reese

### Certificate of Service

I hereby certify that the foregoing was served upon Jennifer A. Doughty, W. Pemble Delashmet, Chad C. Marchand Attorneys for Defendants Wal-Mart Stores East L.P. by the electronic filing system this the 11th day of April 2008. Defendant Ray Coots is served by regular mail postage prepaid at his last known address of 34 Cotton Creek, Enterprise, Alabama, 36330.


                                                S/Charles N. Reese