IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RITA SHAE WOODHAM ) | |
| PLAINTIFF ) | |
| ) | |
| VS. ) | |
| ) | CASE NO.  1:08 CV 207 |
| WAL-MART STORES EAST, L.P. ) | |
| RAY COOTS, ) | |
| DEFENDANTS, ) | |

Response to Order to Show Cause, Motion for Fees and
Motion to Remand

The Alleged Fraudulent Joinder of Ray Coots

1.	The complaint as originally filed alleged: "1.The Defendant Wal-Mart Stores, Inc. employed fictitious Defendant X,Y,Z and Defendant Ray Coots. The Defendants negligently failed to properly inspect the shelving to assure that the shelving and the product placed upon it complied with minimal safety procedures designed to prevent product from being knocked into the passageways and the aisles that were to be dispersed (sic) by customers." (Paragraph 1, Count 3 of the complaint at the time of removal)

2.	In Alabama in order to assure a plaintiff maximum opportunity to recover against those persons who have caused the plaintiff harm a plaintiff may sue either all of those joint and several tortfeasors that proximately caused the plaintiff's injury or such selected tortfeasors as the plaintiff may desire. State Farm Mutual Auto Insurance Co. v. Motley, 909 So.2d 806, 2005 Ala. LEXIS 46.

1

3. In order to hold a business owner liable for injury to its invitee a plaintiff must prove a store owner failed to exercise reasonable care in maintaining the premises in a reasonably safe condition so as not to injure its business invitee or if the premises are dangerous failed to provide the plaintiff with reasonable warning so the danger may be avoided. K-Mart Corp. v. Bassett, 769 So.2d 282, 2000 Ala. LEXIS 151.

4. A property owner and its employees have a duty to business invitees to discover hazards and defects upon the premises that pose a danger and when discovered a duty to ameliorate the hazard. Tennessee Coal Iron & R. R. Co. v. Burgess, 158 Ala. 519 @ 523, 1908 Ala. LEXIS 608. A complaint that defendants negligently failed to do an act which had it been done properly, such as a proper inspection that would prevent the injury, alleges negligence on the part of the defendants and upon proof at trial is sufficient to confer liability. Southern Minerals Company v. Barrett, 281 Ala. 76; 199 So. 2d 87, 1967 Ala. LEXIS 893; Mitchell v. Moore, 406 So.2d 347, @ 352, 1981 Ala. LEXIS 3787.

5. A defendant who is delinquent in not discovering and removing the foreign substance is liable. Winn Dixie Store No. 1501 v. Daisy Brown, 394 So.2d 49 @ 50, 1981 Ala. Civ. App. LEXIS 1070. A proper inspection of the premises would have revealed that the "Greased Lightening" was placed on the shelving in such a manner that it hung over the edge of the shelf. As a consequence the least little joggle caused the product to fall on the floor spilling the extraordinarily slick substance. A routine inspection of the aisles, which it is expected that proof will demonstrate, is ultimately Mr. Coots' responsibility, would reasonably be expected to discover the hazard and consequently upon discovery and correction reduce the risk to the plaintiff. It is the

failure to do the foregoing that constitutes the negligence of Mr. Coots set forth in the original complaint in paragraph 1 of Count 3.

6. Additionally count three, after defining Ray Coots as a defendant, alleges: "2. On or about the 13th day of September the Defendants did wantonly placed (sic) a bottle of Greased Lightning upon a shelf in such a manner that the edge of the bottle hung over the shelf. As a consequence of the placement of the bottle on the shelf it fell to the floor and broke leaving a liquid on the floor that appeared to be water."

7. Wantonness is conduct carried on with the reckless disregard of the consequences or the conscious disregard of the health and safety of another. S. B. v. St. James School, et. al, 959 So. 2d 72, 2006 Ala. LEXIS 336. It is conceivable that Ray Coots knew of the bottle on the shelf and even placed the bottle on the shelf himself in a manner such that it overhung the edge creating a condition that he was conscious would likely cause injury to another.

8. The defendant concedes at paragraph 6 of the "Notice of Removal" that Ray Coots is a resident of the State of Alabama. It however contends that he is fraudulently joined and therefore his citizenship should be ignored. The essence of the defendant's argument is that there is no possibility the plaintiff can prove a case against the defendant Coots in state court. (Paragraph 10 Defendant Wal-Mart's Notice of Removal.)

9. The defendant provides the court with no precedent from which the court could conclude that the allegation of negligent failure to inspect the premises attributed to Mr. Coots fails to allege negligence for which recovery can be had. Nor does the defendant provide any case law establishing why the placement of the bottle either done

3

by Mr. Coots or ignored by him confers no liability for wanton conduct when ignoring the placement of the bottle constitutes a conscious disregard of the safety of the plaintiff or recklessly disregards the consequences of the placement of the product.

10. The defendant disingenuously argues that no personal participation of Mr. Coots is alleged by the plaintiff. Clearly the plaintiff alleges Mr. Coots has personally participated when she alleges that he failed to inspect the premises. (Paragraph 1, Count 3)

11. As has already been established from an analysis of the duties and obligations of a business owner and its employees a failure to inspect premises in order to provide a safe place for a business invitee to be is a breach of duty that confers liability when it results in injury to the plaintiff. The defendant never asserts Mr. Coots inspected the premises nor do they assert he does not have a duty to inspect the premises. As manager of the premises he has the ultimate responsibility to inspect them and provide the plaintiff a reasonably safe place to do her shopping. The complaint as originally filed clearly alleges that he failed to do so and upon proof of that fact he is jointly liable with his employer.

12. The District Courts of the United States are courts of limited jurisdiction conferred upon them by the constitution and the plaintiff has the right to choose his forum. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1994 U.S. App. LEXIS 25241. The defendant's burden in proving jurisdiction is a heavy one and when jurisdiction is not absolutely clear the Eleventh Circuit favors remand. Burns, supra @ 1095.

13. Complete diversity is required and if any plaintiff and any defendant are from the same state diversity jurisdiction provided by 28 USC 1332 is destroyed and the

case should be remanded to the state court from whence it came. <u>University of South Alabama v. American Tobacco Co.</u>, 166 F.3d 405 @ 412, 199 U.S. App. LEXIS 2671,

14. The citizenship of a fraudulently joined defendant may be ignored. <u>Williams v CNH America, LLC, et al.</u>, 2008 U.S. Dist. LEXIS 24699.

15. In analyzing whether a person has been fraudulently joined the court must evaluate the factual allegations most favorably to the plaintiff and resolve all uncertainties about state substantive law in the plaintiff's favor. <u>Williams v CNH America, LLC, et al.</u>, supra.

15. A person is fraudulently joined only if one of three conditions exists at the time of the removal: when there is no possibility the plaintiff can prove a claim against the resident (non-diverse) defendant; when there is fraud in the pleading of jurisdictional facts such as when a plaintiff claims a diverse defendant is a non-diverse defendant; and, when a diverse defendant is joined with a non-diverse defendant and there is no basis for joint, several or alternative liability and where the claim against the diverse defendant has no relationship whatever to the non-diverse defendant. <u>Triggs v. John Crump Toyota</u>, 154 F3d 1284 @ 1287; 1998 U.S. App. LEXIS 22601.

16. Joinder is proper and the case should be remanded if there is even a possibility that the state court would find that the complaint states a cause of action against the non-diverse defendant. The plaintiff need not have a winning case but only a possibility of stating a valid cause of action against the non-diverse defendant in order to require remand. <u>Triggs v. John Crump Toyota</u>, @ 1287.

17. In this case there is clearly a possibility of a cause of action against Ray Coots set forth in the original complaint as illustrated by the citations to state substantive law. Mr. Coots can be found liable individually and jointly and severally.

Fees on Remand

18. A party opposing removal has a right to receive fees upon remand of the case in limited circumstances. The award of fees upon remand is appropriate when the removing party lacked an objective reasonable basis for seeking removal. The purpose of such a rule is to prevent removals designed to prolong litigation or to impose costs and expenses upon the opposing party. Hansard v. Forsyth County, 191 Fed. Appx. 844, @ 847, 2006 U. S. App. LEXIS 17034.

19. Wal-Mart Stores East, L.L.P. through the same attorneys, has filed a petition for removal in this case based upon similar if not identical reasoning in another case and has received an adverse ruling.  It has been placed upon notice that its employees, and managers, owe a duty to its customers and that when a cause of action is alleged that states a claim against a citizen of the same state and there exists "...any possibility that the state law might impose liability on a resident defendant under circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent and remand is necessary." Holloway v. Morrow, 2008 U.S. Dist. LEXIS 10318. All that is necessary is that the claim be "colorable" in order to prevent a finding of fraudulent joinder. Id.

20. The "Notice of Removal" was filed on March 24, 2008 in this case.  The judgment in Holloway, supra, was entered on February 11, 2008, forty two days before. No fees were assessed in that case.  The defendant continues to attempt to improperly

remove cases based upon the same reasoning, e.g. lack of personal participation, even in the face of a clear allegation that Mr. Coots, as a member of the set of "defendants", negligently failed to inspect the premises which resulted in injury to the plaintiff.

21.   The defendant acknowledges the allegation as a "general allegation of negligence." (Notice of Removal, paragraph 11)  All that is required is a complaint that provides a defendant fair notice of what the claim is and the grounds upon which it rests. Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 2005 U.S. App. LEXIS 8320.  The defendant is apprised the negligence is based upon a failure to inspect. Alabama has recognized a duty of a landowner to inspect his premises to determine that they are reasonably safe for business invitees since 1908. Tennessee Coal Iron & R. R. Co. v. Burgess, supra.

22.   Although the defendant provided the court with a number of cases establishing the parameters of what constitutes fraudulent joinder in the abstract as applied to this case the statements are conclusory without establishing any relationship with substantive Alabama liability law.  Since there was no basis for removal based upon the existence of causes of action against a non-diverse defendant accompanied by the fact that defendant had received an adverse ruling on the same grounds in a previous case fees are appropriate on remand.

## Motion to Remand

23.   There is not complete diversity of citizenship and the court lacks subject matter jurisdiction.  When it is evident that the court lacks subject matter jurisdiction the court has a duty to remand the case to the state court in which the case originated. Citations omitted.

24. The plaintiff has amended her complaint. Although it is plaintiff's belief that the complaint originally filed is sufficient to meet the requirements of notice pleading and sets out causes of action for negligence and wantonness against the defendants Wal-Mart Stores East L.L.P. and Ray Coots, the "Amended Complaint" more specifically defines the relationships between the parties.

25. A reading of the amended complaint establishes the following factors relevant to the issue of remand:

    a. That the plaintiff and the defendant Ray Coots are citizens of the same state, Alabama; (Amended complaint paragraphs 2 and 3) [1]

    b. Ray Coots is identified as the manager of the Wal-Mart Store where the plaintiff was injured having supervisory authority over the employees of the store and that he is in charge of the ways, works and means of the store where the plaintiff was injured: (Amended complaint paragraphs 2 and 4)

    c. Count 1 of the complaint alleges defendant Ray Coots, while acting in the line and scope of his employment with Wal-Mart Stores East L.L.P., negligently failed to supervise an employee who negligently placed a bottle of Greased Lightening on a shelf proximately causing the injury to the plaintiff;

    d. Count 2 alleges wantonness against the defendants in placing the Greased Lightening on the shelf and allowing it to remain on the shelf as placed;

    e. Count 3 alleges the Defendants including Ray Coots, negligently failed to inspect the premises proximately causing injury to the plaintiff;

---

[1] This fact is irrelevant to the court's determination of whether attorney fees are appropriate in this case since the defendant acknowledged that fact in its Notice of Removal at paragraph 6.

    f.    Count 4 alleges the Defendants including Ray Coots, wantonly, recklessly and intentionally failed to inspect the premises resulting in injury to the plaintiff.

    26.    An amendment of a complaint that destroys diversity of citizenship requires remand. <u>Davis v. GMAC</u>, 353 F. Supp. 2d 1203, 2005 U. S. Dist. LEXIS 1405.

    Wherefore plaintiff prays for the following relief:

    1.    That the Motion to Dismiss Ray Coots as fraudulently joined be denied.

    2.    That the court award attorney fees due to the improper removal of this case after the defendant was placed on notice by a prior court opinion the rationale employed by the defendant did not support removal based upon diversity of citizenship.

    3.    That the court remand the case based upon lack of complete diversity of citizenship.

    S/Charles N. Reese
    Charles N. Reese
    Attorney for the Plaintiff
    P.O. Box 250
    Daleville, Alabama 36322
    (334) 598-6321

Certificate of Service

I hereby certify that the foregoing was served upon Jennifer A. Doughty, W. Pemble Delashmet, Chad C. Marchand Attorneys for Defendants Wal-Mart Stores East L.P. by the electronic filing system this the 17th day of April 2008. Defendant Ray Coots is served by regular mail postage prepaid at his last known address of 34 Cotton Creek, Enterprise, Alabama, 36330.

    S/Charles N. Reese