**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| RITA SHAE WOODHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:08CV-207-MHT |
| ) | |
| WAL-MART STORES EAST, L.P. ) | |
| ) | |
| Defendant. ) | |

**OBJECTION AND BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendant Wal-Mart Stores East, L.P., ("Wal-Mart"), incorrectly named in the Complaint as WAL-MART STORES, INC., objects to Plaintiff's Motion for Leave to Amend the Complaint on grounds that (1) Plaintiff's delay in amending the complaint evidences an intent to defeat diversity jurisdiction; (2) allowing the amendment would cause undue prejudice to the defendant; and (3) the amendment would be futile. In support of said objection, Wal-Mart offers the following, to-wit:

SUMMARY

Although this Court undoubtedly has the discretion to allow Plaintiff to amend her complaint, this is not a case in which it should exercise that discretion in her favor. Plaintiff's timing and the substance of her proposed amendment demonstrates a motive to destroy jurisdiction and unfairly prejudice Wal-Mart. Moreover, Plaintiff's proposed Amendment is futile as it fails to state a colorable cause of action against individual

defendant Ray Coots under Alabama law. Accordingly, her Motion to Amend the Complaint is due to be denied.[1]

PROCEDURAL BACKGROUND

Plaintiff's Complaint arises out of alleged injuries she received on September 13, 2006 while she was shopping in Wal-Mart Store #734 in Enterprise, Alabama. She asserts that she knowingly walked through a puddle of an unknown substance and lost her footing. On or about January 8, 2007, Plaintiff secured counsel to represent her regarding the incident after which presumably an investigation began. (Letter of Jan. 8, 2007, attached as Exhibit "A.")

Plaintiff filed her original Complaint in the Circuit Court of Coffee County, Alabama, on February 14, 2008, naming as defendants Wal-Mart and Ray Coots and alleging negligence and wantonness. (Doc. 1, Ex. A.) On March 24, 2008, Wal-Mart filed its Notice of Removal to this Court based on diversity jurisdiction and alleging that Ray Coots was fraudulently joined. (Doc. 1.) Wal-Mart also answered Plaintiff's Complaint on March 24, 2008, denying the material allegations of the Complaint and asserting affirmative defenses, none of which denied that any actions taken by any Wal-Mart employee were outside the scope of employment. (Doc. 2.) On March 27, 2008, the Court issued an order that the parties show cause in writing by April 18, 2008 as to why Ray Coots should not be dismissed as fraudulently joined. (Doc. 9.)

It was not until April 11, 2008, that Plaintiff filed a motion for leave to amend her Complaint to include allegations against Mr. Coots. On April 14, 2008, Plaintiff's Motion to Allow Amendment to the Complaint was granted with an order for any

---

[1] Wal-Mart adopts and incorporates by reference the arguments and authorities contained in its Notice of Removal, filed on March 21, 2008, herein. (Doc. 1.)

2

objection to be filed within seven days from the date of the order. (Doc. 20.) Plaintiff filed her Amended Complaint on or around April 15, 2008. (Doc. 22.) Wal-Mart files this objection and brief in opposition to Plaintiff's Motion for Leave to Amend the Complaint on the grounds that the proposed amendment was filed after removal with the sole intent to destroy diversity jurisdiction. Accordingly, Plaintiff's motion should be denied.[2]

## ARGUMENT

Plaintiff's Motion for Leave to Amend the Complaint should be denied as a disguised attempt to defeat federal jurisdiction resulting in unfair prejudice to Wal-Mart, not to mention the amendment would be futile if permitted. Plaintiff's motion is governed by Federal Rules of Civil Procedure 15(a), which provides that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). However, a district court need not allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile. *See Bryant v. Dupree*, 252 F. 3d 1161 (11th Cir. 2001) citing *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227 (1962); Fed. R. Civ. Pro. 15(a); *see also McKinley v. Kaplan*, 177 F. 3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. at 182); *Caruthers v. BSA Advertising, Inc.*, 357 F. 3d 1213, 1218 (11th Cir. 2004) (explaining that despite "freely given" language of Rule 15(a), leave to amend may be denied on such grounds as undue delay, undue prejudice, and futility). Although the discretion lies with the district court as to whether to grant

---

[2] Plaintiff filed her Response to Order to Show Cause on April 17, 2008. Plaintiff also filed her Motion for Fees and Motion to Remand on April 17, 2008. The Motion for Remand is set for submission on April 25, 2008, with all briefs due by April 25, 2008. (Doc. 24.)

leave to amend, the court may deny leave when one or more of the *Foman* factors are present. *See Bryant*, 252 F. 3d 1161.

> (1)    The Timing and Substance of Plaintiff's Amended Complaint Are Sufficiently Suspect To Warrant Denial of Her Motion for Leave to Amend

Wal-Mart's decision and right to choose the federal forum is of the utmost importance in considering whether Plaintiff should be granted leave to amend her Complaint. Giving diverse defendants the option of choosing the federal forum is the very purpose of removal statutes. *Hensgens v. Deere & Co.*, 883 F. 2d 1179, 1182 (5th Cir. 1987) *cert denied*, 493 U.S. 851 (1989)). In balancing the equities, the parties do not start out on equal footing and this is because of the diverse defendant's right to choose between a state and federal forum. *Sexton v. G & K Services, Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D. Ala. 1999). Accordingly, Plaintiff's Motion for Leave to Amend the Complaint to "articulate" specific claims against Ray Coots should be denied.[3] *Id. See also Porterfield v. Flowers Baking Co. of Opelika, L.L.C.*, No. 2:05-CV-937-MEF, 2006 WL 1147333, *1 at *4 (M.D. Ala. May 1, 2006) (quoting *Hensgens v. Deere & Co.*, 883 F. 2d at 1182); *McReynolds*, 2005 WL 2146034, at *4; *Smith,* 229 F. Supp. 2d at1282; *Bevels,* 100 F. Supp. 2d at 1313-14; *Sexton v. G & K Services, Inc*., 51 F.Supp.2d 1311, 1313 (M.D. Ala. 1999.)

The simple fact that Plaintiff's amendment came on the heels of the removal demonstrates a primary purpose of destroying diversity jurisdiction. *See Sexton v. G & K*

---

[3] The *Hensgens* factors are primarily utilized in determining the validity of a post-removal amendment to join additional defendants, the courts have recognized the applicability of these factors in considering other post-removal amendments. *See, e.g. Town of Gordon v. Great American Ins. Co*., 331 F. Supp. 2d 1357 (M.D. Ala. 2004); *Estate of Robert L. Davis v. General Motors Corp*., 253 F. Supp. 2d 1203 (M.D. Ala. 2005).

*Servs., Inc.*, 51 F. Supp. 2d 1311, 1314 (M.D. Ala. 1999.); *Bevels v. American States. Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000.) Despite having had almost fourteen months (from the time Plaintiff was allegedly injured in Wal-Mart store #734 to the time she filed her Complaint) to determine and articulate which, if any, claims she should plead against Mr. Coots, her motion for leave to amend the Complaint came only after Wal-Mart filed its Notice of Removal alleging that Plaintiff failed to adequately plead "personal participation." In fact, Plaintiff's amendments directly correspond to the arguments set forth in the Notice of Removal. For example, in response to Wal-Mart's assertion that Plaintiff's complaint did not contain any specific allegation relating to Ray Coots or his role as a Wal-Mart manager in Plaintiff's alleged injury, Plaintiff amended her complaint to state:

> "At all times relevant to the complaint Ray Coots had the authority and duty to supervise the employees of the Wal-Mart Supercenter in Enterprises, Alabama which he *negligently and wantonly failed to do resulting in injury* to the Plaintiff. At all times relevant to the complaint the defendant was an employee of Wal-Mart Stores East, L.P. acting in the line and scope of his employment." (emphasis added) (Proposed Amended Complaint, ¶ 2.)

Plaintiff's efforts indicate nothing more than a specific attempt to lend support to her Motion to Remand, which is due to be considered by this Court on April 25, 2008. (Doc. 24.)

Moreover, Plaintiff will not be prejudiced if she is not allowed leave to amend her Complaint. There has been no showing by the Plaintiff that she will not be able to obtain full relief on her claims in this court without the presence of Mr. Coots as a defendant, should Plaintiff's Motion to Remand be denied. The Plaintiff can obtain a judgment against Wal-Mart without the presence of Mr. Coots, discovery will allow the Plaintiff access to the same information with or without Coots, and Plaintiff has made no

5

suggestion that Wal-Mart would be unable to satisfy a judgment. *See Bevels v. American States Insurance Co.*, 100 F. Supp. 2d 1309 (M.D. Ala. 2000.) Accordingly, the court in exercising its discretion to deny Plaintiff's motion to amend her Complaint will not cause her any injury, yet Wal-Mart will be unfairly prejudiced.

    (2)    <u>Plaintiff's Proposed Amendments Are Futile Because the Complaint As Amended Fails to State a Cause of Action Against Mr. Coots</u>.

Even if Plaintiff is allowed to amend her Complaint, Plaintiff has failed to show any possibility that she can prove a cause of action against Mr. Coots. A district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile. *See Hall v. United Ins. Co. of America*, 367 F. 3d 1255, 1263 (11th Cir. 2004).

In the present matter, Plaintiff fails to show that she has any possibility of proving a cause of action against Mr. Coots. Though her proposed amended Complaint attempts to include the critical element of personal participation, she fails to provide any factual allegation of personal liability on behalf of Mr. Coots. Specifically, Plaintiff concedes that Mr. Coots was acting in the *line and scope of his employment*. (Doc. 22, ¶ 2.) The only allegations of negligence or wantonness levied against Coots relate to his role as manager, without any indication that he undertook any independent actions or omissions regarding the safety of the premises in question. Even Plaintiff's amended Complaint fails to state a cause of action against Mr. Coots based on his own personal participation and therefore her proposed amended complaint is futile and any claims against him are due to be dismissed.[4]

---

[4] This argument will be fully briefed in Defendant's Response to Plaintiff's Motion for Remand.

6

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Amend the Complaint which seeks to plead specific claims against Ray Coots in an effort to defeat Defendant's Notice of Removal should be denied and her Amended Complaint to the extent it is part of the record should be stricken.

Respectfully submitted,

/s/ Jennifer A. Doughty
W. PEMBLE DELASHMET (DELAW0873)
CHAD C. MARCHAND      (MARCC5089)
JENNIFER A. DOUGHTY    (DOUGJ5407)
Attorneys for Defendants, Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

**CERTIFICATE OF SERVICE**

  I hereby certify that I have on this day April 21, 2008, filed the foregoing with the Clerk of the Court using the appropriate electronic filing system, which will send notice to the following counsel of record:

Charles N. Reese
Post Office Box 250
Daleville, Alabama  36322

              /s/ Jennifer A. Doughty
              OF COUNSEL

# Reese & Reese

**Attorneys At Law**
1 Old Towne Square
Post Office Drawer 250
Daleville, Alabama 36322

Phone (334) 598-6321  •  FAX (334) 598-4216
http://www.alabamalaw.net

CHARLES NEVILLE REESE                                                      CHARLES T. REESE (1918-1986)

January 8, 2007

Melanie Linn
Claims Management Incorporated
P.O. Box 1288
Bentonville, Arkansas 72712-1288

Re:  Shea Woodham      File Number: 5073526      Date of Loss: 9-13-2006
     Store Number: 734  Store Manager: Ray Coots

Dear Ms. Linn:

    This letter is to serve as notice that I will be representing Ms. Woodham in her personal injury claim against Wal-Mart Inc.

    It is my hope that we will be able to quickly resolve this matter. We are going to do everything possible to help you obtain the necessary information for you to make a fair and reasonable offer of settlement. The two hundred and fifty dollar offer is herby rejected.

    At present Ms. Woodham has one thousand two hundred and forty-seven dollars ($1247.00) in medical bills that have already been incurred and there are additional bills that have been incurred but have not been received. Copies of the bills that we have received are enclosed.

    In addition there are drug prescription bills in the sum of one hundred and fifty dollars and forty-six cents ($156.46).

    Ms. Woodham has incurred to date lost wages in the sum of four thousand three hundred and thirty four dollars and forty cents ($4334.40) representing seven weeks of lost earnings.

    She also has been forced to use vacation time in the sum of three hundred and eighty three dollars and twenty eight cents ($383.28) which she otherwise would not have been required to lose and sick time in the sum of three hundred and eighty three dollars and twenty eight cents ($383.28) which she otherwise would not have been required to use.

# EXHIBIT A

As you and I are both aware that this case does not involve a substantial question of liability. The workers who stock the shelves at this store place the Greased Lightening over edge of the shelf which resulted in the Greased Lightening falling off the shelf.

It is my understanding that there exists a Wal-Mart security video that shows the placement of the Greased Lightening on the shelf and I am asking that you preserve the video.

I would like to discuss with you the possibility of an interim partial settlement on behalf of Ms. Woodham since she is unable to work, has exhausted her savings, and is about to have her home foreclosed upon and her truck repossessed. Enclosed you will find a copy of the customer accident report which we have filled out. Upon receiving an agreement from you that you will provide me with copies of any and all medical records that you obtain from any third parties and advise me of any third party from whom medical information is requested I will provide you with the executed medical release you requested.

I look forward to working with you to resolve this claim in a fair and expeditious manor.

Sincerely Yours,

Charles N. Reese

CNR/sfs
Enclosures