**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| RITA SHAE WOODHAM ) | |
| ) | |
| VS. ) | |
| ) | CASE NO. 1:08 CV 207 |
| WALMART STORES EAST, L.P. ) | |
| RAY COOTS, ) | |
| DEFENDANTS, ) | |

**Brief in Support of Remand and Response to Defendant's Objection to the Amendment of the Complaint**

Statement of Procedural Posture and Relevant Facts

Rita Shae Woodham is a citizen of Alabama as is Ray Coots. On the date of the injury in this case, 13 September 2006, Ray Coots was the manager of the Wal-Mart Supercenter in Enterprise, Alabama and was also a citizen of Alabama. (Amended Complaint paragraphs 2 and 3 [Doc 22]; Notice of Removal paragraph 6 [Doc 1])

A complaint was filed in the Circuit Court of Coffee County Alabama alleging among other things: "1.    The Defendant Wal-Mart Stores, Inc. employed fictitious Defendant X,Y,Z and Defendant Ray Coots. The Defendants negligently failed to properly inspect the shelving to assure that the shelving and the product placed upon it complied with minimal safety procedures designed to prevent product from being knocked into the passageways and the aisles that were to be dispersed (sic) by customers." (Paragraph 1, Count 3 of the complaint at the time of removal)

The defendants have removed the case alleging no direct act of negligence is alleged against Mr. Coots. Particularly in paragraph eleven of Notice of Removal (doc 1)

1

the defendant states: "In fact, there are no allegations of any personal participation by Coots, that he had a duty to personally maintain the aisles or the Wal-Mart store in a safe condition, that he failed to discharge that responsibility, that he had a duty to inspect and failed to inspect and failed to properly inspect the shelving, or that he personally and improperly placed the product on the shelf."; ignoring the plain import of the language contained in paragraph 1, Count 3 of the complaint at the time of removal. The defendant points to no legal authority why the "general allegation of negligence" against Mr. Coots provides the plaintiff no possibility for recovery against him.

Since the original complaint was filed more specific allegations of negligence have been alleged against Mr. Coots including: negligent supervision, (Count 1 Amended Complaint); wantonly and recklessly allowing a container to be improperly placed on a shelf, (Count 2 of the Amended Complaint); negligent inspection of the premises (Count 3 of the Amended Complaint); wanton and reckless failure to properly inspect the premises (Count 4 of the Amended Complaint). Permission to amend the complaint has been sought well within the time permitted by the "Report of Parties' Planning Meeting", (Doc 25, paragraph 4 c), and within the time permitted by the "Uniform Scheduling Order", (Doc 26, Section 4).

The court allowed the amended complaint subject to objection by the defendant to be filed by the defendant not later than April 21, 2008. (Doc 20 Order of 14 April 2008) Defendant filed a timely objection alleging: delay in amending the complaint; undue prejudice to the defendant; and, futility of the amendment. (Doc 27 Objection and Brief in Opposition to Plaintiff's Motion for Leave to Amend the Complaint)

Argument

The District Courts of the United States are courts of limited jurisdiction conferred upon them by the constitution and the plaintiff has the right to choose his forum.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1994 U.S. App. LEXIS 25241.  The defendant's burden in proving jurisdiction is a heavy one and when jurisdiction is not absolutely clear the Eleventh Circuit favors remand.  Burns, supra @ 1095. Complete diversity is required and if any plaintiff and any defendant are from the same state diversity jurisdiction provided by 28 USC 1332 is destroyed and the case should be remanded to the state court from whence it came.  University of South Alabama v. American Tobacco Co., 166 F.3d 405 @ 412, 199 U.S. App. LEXIS 2671, An amendment of a complaint that destroys diversity of citizenship requires remand.  Davis v. GMAC, 353 F. Supp. 2d 1203, 2005 U. S. Dist. LEXIS 1405.

It is true that the citizenship of a fraudulently joined defendant may be ignored. Williams v CNH America, LLC, et al., 2008 U.S. Dist. LEXIS 24699. In analyzing whether a person has been fraudulently joined the court must evaluate the factual allegations most favorably to the plaintiff and resolve all uncertainties about state substantive law in the plaintiff's favor. Williams v CNH America, LLC, et al., supra.

A person is fraudulently joined only if one of three conditions exists at the time of the removal: when there is no possibility the plaintiff can prove a claim against the resident (non-diverse) defendant; when there is fraud in the pleading of jurisdictional facts such as when a plaintiff claims a diverse defendant is a non-diverse defendant; and, when a diverse defendant is joined with a non-diverse defendant and there is no basis for joint, several or alternative liability and where the claim against the diverse defendant has

3

no relationship whatever to the non-diverse defendant. Triggs v. John Crump Toyota, 154 F3d 1284 @ 1287; 1998 U.S. App. LEXIS 22601.

Joinder is proper and the case should be remanded if there is even a possibility that the state court would find that the complaint states a cause of action against the non-diverse defendant. The plaintiff need not have a winning case but only a possibility of stating a valid cause of action against the non-diverse defendant in order to require remand. Triggs v. John Crump Toyota, @ 1287. A defendant cannot be heard to complain that the pleadings do not sufficiently allege a tort that the defendant recognizes because all that is required is a complaint that provides a defendant fair notice of what the claim is and the grounds upon which it rests. Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 2005 U.S. App. LEXIS 8320.

In Alabama in order to assure a plaintiff maximum opportunity to recover against those persons who have caused the plaintiff harm a plaintiff may sue either all of those joint and several tortfeasors that proximately caused the plaintiff's injury or such selected tortfeasors as the plaintiff may desire. State Farm Mutual Auto Insurance Co. v. Motley, 909 So.2d 806, 2005 Ala. LEXIS 46.

> "Persons may be deemed joint tortfeasors where either their separate acts combine and concur to produce a single harmful result, or where they are in certain relations with each other, such as principal and agent or joint venturer." Alabama Tort Law, 2d Edition, Roberts and Cusimano, page 1120, §36.1.

Mr. Coots can be held liable individually for the torts he commits whether acting on his own behalf or on behalf of his employer and the fact that the employer may also be held responsible in tort is wholly irrelevant to his personal liability. Inter-Connect, Inc. v. Alvin Gross, 644 So2d 867, 1994 Ala. LEXIS 54.

4

Mr. Coots can be held liable for negligent supervision. Liability arises from a failure to properly supervise an employee who lacks experience. <u>White v Stae Farm Fire & Casualty Company</u>, 953 So.2d 340, 2006 Ala. LEXIS 190. A person charged with the duty to supervise an employee is liable should the failure to supervise the employee cause injury to another when the duty of supervision is assigned by the employer or it is assumed. In other words a supervisor is liable as a result of his negligence when he breaches a duty delegated to him by the employer or assumed by him. <u>Clement's v Webster</u>, 425 So2d 1058, @ 1060, 1982 Ala. LEXIS 1058. The supervisor's liability is not based upon respondeat superior. <u>Ware v. Timmons</u>, 954 So.2d 545, 2006 Ala. LEXIS 94. It is based upon the supervisor's failure to exercise the supervision reasonable care requires and discover the defect caused by the careless incompetent employee. The negligence arises from permitting the dangerous condition caused by the negligent employee to remain on the premises. <u>Mobile v Reeves</u>, 249 Ala. 488, 1947 Ala. LEXIS 406. A master can be held liable for the failure to supervise an employee he knows or through the exercise of reasonable care and diligence he could determine to be incompetent. <u>Thompson v Harvard</u>, 285 Ala. 718, @ 724, 1970 Ala. LEXIS 1105.

Mr. Coots can be held liable for negligent failure to inspect the premises. A property owner and its employees have a duty to business invitees to discover hazards and defects upon the premises that pose a danger and when discovered a duty to ameliorate the hazard. <u>Tennessee Coal Iron & R. R. Co. v. Burgess</u>, 158 Ala. 519 @ 523, 1908 Ala. LEXIS 608. A complaint that defendants negligently failed to do an act which had it been done properly, such as a proper inspection that would prevent the injury, alleges negligence on the part of the defendants and upon proof at trial is sufficient to

5

confer liability. Southern Minerals Company v. Barrett, 281 Ala. 76; 199 So. 2d 87, 1967 Ala. LEXIS 893; Mitchell v. Moore, 406 So.2d 347, @ 352, 1981 Ala. LEXIS 3787. Liability exists for injury to an invitee when it is proved the failure to exercise reasonable care in maintaining the premises in a reasonably safe condition so as not to injure the business invitee or if the premises are known to be dangerous there was a failure to provide the plaintiff with reasonable warning so the danger may be avoided. K-Mart Corp. v. Bassett, 769 So.2d 282, 2000 Ala. LEXIS 151. A defendant who is delinquent in not discovering and removing the foreign substance is liable. Winn Dixie Store No. 1501 v. Daisy Brown, 394 So.2d 49 @ 50, 1981 Ala. Civ. App. LEXIS 1070.

Mr. Coots can be held liable for willfully and wantonly permitting the placement of the container in such a manner that it created an unreasonable risk of injury. Likewise he is accountable in damages for his wanton and reckless failure to inspect the premises. Proof of deliberate neglect in inspection of the premises in reckless disregard to the safety of business invitees will require Mr. Coots to respond in damages. Wantonness is conduct carried on with the reckless disregard of the consequences or the conscious disregard of the health and safety of another. S. B. v. St. James School, et. al, 959 So. 2d 72, 2006 Ala. LEXIS 336.

The defendant's assertion the plaintiff should not be allowed to amend her complaint fails since it is conceivable the plaintiff may recover against Mr. Coots under theories of liability in both the original complaint and the amended complaint, i.e. "…it does not appear beyond doubt that [plaintiff] cannot prove a set of facts which would entitle him to relief." Bryant v Dupree, 252 F.3d 1161, 2001 U.S. App. LEXIS 10490.

In making its argument the defendant seeks application of the Hensgens factors

which are: the extent the proposed amendment is to defeat federal jurisdiction; whether the plaintiff has been dilatory in asking for amendment; whether plaintiff will be significantly injured if amendment is not allowed; and, any other factors bearing on the equities which should be balanced in determining whether the amendment should be permitted. <u>Hensgens v. Deer & Company</u>, 833 F.2d 1179, 1987 U.S. App. LEXIS 16395; cert den. The Hensgens factors relate to whether after a case is removed a party may add as a party a person whose presence will destroy diversity jurisdiction. <u>Town of Gordon v Great Am. Ins. Co.</u>, 331 F. Supp. 2d 1357 @ 1360.

      This case is distinguishable in that Mr. Coots was already a party in the state court action and a claim was asserted against him, negligent failure to inspect, which could have given rise to liability in state court at the time of the initial filing. Contrary to the defendant's argument Mr. Coots as an agent for a corporation may be held liable for his negligence even when performed in the line and scope of his employment. Certainly the fact that Mr. Coots was a named defendant and a claim was specifically asserted against him in the original state court action militates against the conclusion that the clarification of claims against him is brought for the purpose of destroying diversity jurisdiction even were the Hengsgens factors applicable. The amended complaint does not add a party but clarifies, within the time allowed by the scheduling order, causes of action against defendant Mr. Coots who is already a party.

      Likewise the assertion that the plaintiff failed to amend her complaint in a timely manner fails. The amendment was done within the time allowed by the scheduling order based upon the agreement between defendant and plaintiff contained in the planning meeting reported to the court by the parties. <u>Maendele v Rhett Butler Trucking , Inc.</u>, 205

7

U.S. Dist. LEXIS 15743, (Amendment disallowed when motion for leave to amend was filed seven months after the deadline in the scheduling order. )  Following the rationale employed by the defendant negates both the "Report of the Parties Planning Meeting" and the "Scheduling Order" entered by the court.  In fact were the defendant's rationale employed no amendment to the complaint could ever be allowed thereby abrogating Rule 15 FRCP in its entirety.

The argument made against allowing the amendment to the complaint based upon delay relates to when Ms. Woodham was injured and not to when the suit was filed or the duration of the litigation.  The defendant cites no case that relates delay in amending a complaint to when the tort occurs.  In fact, in a case cited by the defendants a court held that an amendment of a complaint in a case that had been in actual litigation for three years without more was not prejudicial to the defendant. Bryant v Dupree, supra @ 1164.

The defendant asserts that it will be prejudiced by the amendment to the complaint because the plaintiff seeks to destroy diversity jurisdiction.  The defendant argues the prejudice arises because the diverse defendant loses its opportunity to seek removal to a federal court.  This argument is predicated upon the assertion that Mr. Coots cannot be held liable for acts done while acting as the Wal-Mart manager.  Such an assertion ignores well established principles of law in Alabama as previously noted. Plaintiffs have a right to sue all joint tortfeasors and a person is personally liable for torts committed when they occur within the scope of activity performed as a corporate agent. State Farm Mutual Auto Insurance Co. v. Motley, supra; Inter-Connect, Inc. v. Alvin Gross, supra.  In order for a diverse defendant to be entitled to removal complete

8

diversity must exist between the parties for the federal court to have subject matter jurisdiction. <u>University of South Alabama v. American Tobacco Co.</u>, supra.

The defendant further asserts the plaintiff will not be prejudiced because success in the litigation against defendant Wal-Mart will result in full monetary recovery for the plaintiff. The defendant's argument clearly ignores the absolute right of the plaintiff to sue all joint tortfeasors guaranteed by Alabama law. It also ignores the fact that the concept of full relief is not predicated upon whether someone can collect money from one of the parties but is predicated upon whether all parties responsible for the injury, whom the plaintiff chooses to bring before the court, are before the court. The fact that in order to obtain complete relief from all responsible parties a separate parallel action will be required in state court if Mr. Coots were not a party to this action militates against both his dismissal and denial of the amendment of the complaint. <u>Godwin v National Union Fire Insuarance Co.</u>, 2006 U.S. Dist. Ct. LEXIS 90907.

Conclusion

Federal jurisdiction is limited to cases where complete diversity of citizenship exists. A non-diverse plaintiff and a non-diverse defendant were parties to this case at the time it was removed to federal court by the defendant. A cause of action was asserted against the non-diverse defendant at the time of the removal that possibly would have led to recovery in state court. The defendant's argument for fraudulent joinder of the non-diverse defendant, Mr. Coots, rests upon its assertion that a corporate agent cannot be held liable for torts he commits while acting within the line and scope of his employment. The defendant has cited no case demonstrating the general allegation of negligence found in the original complaint fails to allege a claim against Mr. Coots. Heightened pleading

is not required for claims of negligence. All that is required is that the defendant be placed upon notice of the nature of the claim against him and the cause of it. In the negligence claim he was apprised of the fact that it is his failure to properly inspect the premises that gives rise to his liability. The defendant acknowledges the complaint asserts a "general claim of negligence."

An analysis of the state liability law supports the position that clams against Mr. Coots are asserted in both the original complaint and the amended complaint. Amendment of the complaint is permitted when substantial justice requires. Not withstanding its pronouncements defendant has cited no law indicating there is no possibility of recovery by the plaintiff on either the claim of negligence or wantonness alleged by the plaintiff in the original or amended complaint. The plaintiff is not required to have a winning case only the possibility that she may prevail. Mr. Coots was not fraudulently joined in the state court action.

The defendant attempts to prevent the amendment to the complaint based upon criteria that are not applicable when a non-diverse defendant is a party to the suit at the time of removal. Defendant begs the question of whether the non-diverse defendant was fraudulently joined and upon that erroneous assumption attacks the amendment of the complaint. Since the non-diverse defendant was not fraudulently joined in the first instance the defendant cannot be heard to prevent the amendment to the complaint that clarifies the causes of action against the non-diverse defendant.

The defendant without reservation of amendment with respect to any named defendant agreed to a time within which to file an amended complaint. The agreed upon time for amendment was adopted by the court in the scheduling order. The amendment is

made within the time required in the scheduling order. The defendant has failed to show that the plaintiff was dilatory in any respect in asserting the amendments to the complaint.

The defendant has failed to demonstrate any prejudice to it by the amendment to the complaint.

The plaintiff however is prejudice since she cannot obtain complete relief against all wrongful actors if Mr. Coots is dismissed or if the amended complaint is not permitted without filing a parallel action against the non-diverse defendant in a state court action. The requirement of complete diversity of citizenship is designed to prevent that specific injustice.

Plaintiff respectfully submits this case should be remanded due to lack of subject matter jurisdiction and the objection to the amendment of the complaint overruled.

This defendant has previously made the same arguments with respect to management personnel of this corporate defendant. The arguments there too were predicated upon the fact that the manager could not be held liable based upon his responsibility of oversight of the store that he managed. In that case the strategy of the defendant, that ignores substantive joint and several liability law and well established principles of agency, was rejected. Apparently this defendant has adopted a tactic that has the effect of requiring the substantial expenditures of court resources and the resources of an already injured plaintiff in its assertion of a right of removal based upon faulty premises.

Because of the value that is placed upon those resources courts are empowered to award fees upon remand of a case. Plaintiff respectfully incorporates that portion of her

11

motion to remand previously filed relating to fees and requests the court to award fees and expenses upon remand.

                                                      Respectfully submitted

                                                      S/Charles N. Reese
                                                      Charles N. Reese

Certificate of Service

      I hereby certify that the foregoing was served upon Jennifer A. Doughty, W. Pemble Delashmet, Chad C. Marchand Attorneys for Defendants Wal-Mart Stores East L.P. by the electronic filing system this the 24th day of April 2008. Defendant Ray Coots is served by regular mail postage prepaid at his last known address of 34 Cotton Creek, Enterprise, Alabama, 36330.

                                                      S/Charles N. Reese