**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

RITA SHAE WOODHAM,         )
                                     )
      Plaintiff,             )
                                     )
vs.                             )   CASE NO. 1:08CV-207-MHT
                                   )
WAL-MART STORES EAST, L.P., et. al.  )   Removed from the Circuit Court of
                                   )   Coffee County, No. CV-08-0044
      Defendants.        )

DEFENDANT'S RESPONSE AND OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND

Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in the original Complaint as WAL-MART STORES, INC., responds in opposition to Plaintiff's Motion to Remand (Doc. 23) as follows:

**Summary of Argument**

Subject matter jurisdiction rests with this Court and the Motion to Remand is due to be denied. Though the burden of demonstrating fraudulent joinder falls on Defendants, Plaintiff has failed to sufficiently allege personal participation by Mr. Coots that brought about her alleged injuries and thus she has not satisfied Alabama's "personal participation" prerequisite for personal liability of a corporate agent. Mr. Coots is due to be dismissed and Plaintiff's Motion to Remand denied.

**Facts and Procedural Background**

Wal-Mart adopts and incorporates by reference the procedural background contained in its Objection and Brief in Opposition to Plaintiff's Motion for Leave to Amend the Complaint, filed on April 21, 2008. (Doc. 27.)

**Argument**

Where a non-diverse defendant is named in the initial state court complaint as part of a tactical effort to defeat diversity jurisdiction, the fraudulent joinder doctrine permits district courts to assume jurisdiction over a case if there are named defendants who lack diversity at the time the case is removed. *Cabalceta v. Standard Fruit Co.*, 883 F. 2d 1553, 1562 (11th Cir. 1989) (holding that citizenship of a fraudulently joined defendant may be disregarded in determining whether diversity jurisdiction exists). In order to establish that an in-state defendant has been fraudulently joined, the removing party must show either: (a) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or (b) that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. *See Pacheco De Perez v. AT&T Co.*, 139 F. 3d 1368 (11th Cir. 1998); *Charest v. Olin Corporation*, 542 F. Supp. 771 (D.C. Ala. 1982) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981)). *See also Hartley v. CSX Trans., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)). The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state. *Campbell v. Stone Ins., Inc.*, No. 07-30206, 2007 WL 4248211, *1 at *2 (5th Cir. 2007). When analyzing fraudulent joinder, the court is not bound by allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available. *See* 28 U.S.C. § 1441 (b); *Legg v. Wyeth*, 428 F. 3d 1317 (11th Cir. 2005) (recognizing that fraudulent joinder determination is based on pleadings at the time of removal and the procedure for resolving such a claim "is similar to that used for ruling on a motion for

2

summary judgment).  S*ee also Linnin v. Micheilsens*, 372 F. Supp. 2d 811 (E.D. Va. 2005).

Defendants acknowledge that they have the heavy burden of establishing that there is no possibility that Plaintiff can establish a cause of action against the resident defendant.  *See Henderson v. Washington National Ins. Co*., 454 F. 3d 1278, 1281 (11th Cir. 2006).  But in determining whether Plaintiff can establish a cause of action against Coots as a fraudulently joined defendant in a diversity case, this Court must look to the law of the state that controls the substantive issues in the action.  *Cabalceta v. Standard Fruit Co.*, 883 F.2d at 1562.  There must be a reasonable possibility of recovery—a mere theoretical possibility will not prevent a conclusion of fraudulent joinder.  *Legg v. Wyeth*, 428 F. 3d 1317, 1325 (11th Cir. 2005) (observing that possibility of liability is evaluated by reason and common sense, and that more is required than such a possibility that a designated residence might be struck by a meteor on a given evening); *Ross v. Citifinancial*, 344 F. 3d 458, 462 (5th Cir. 2003) (clarifying that the theory of liability must be reasonable, not merely theoretical); *see also Travis v. Irby*, 326 F. 3d 644 (5th Cir. 2003) (although some courts have found fraudulent joinder where there is absolutely no possibility of recovery against the non-diverse defendant, the correct standard for determining whether a party has been fraudulently joined is whether there is a *reasonable* possibility of recovery) (emphasis in original).  Applied to the present facts, Plaintiff has no reasonable possibility of recovery against Coots for the reasons which follow.

**1. Plaintiff cannot satisfy the "personal participation" prerequisite for liability under Alabama law.**

While Wal-Mart acknowledges the recent Alabama cases which conclude that there may be a *possibility* that a store manager could be personally liable under certain circumstances, Plaintiff has failed to demonstrate how Ray Coots could be personally liable under the present facts.[1]  The general rule in Alabama is that officers or employees of a corporation are only liable for torts in which they have *personally participated*, irrespective of whether they were acting in a corporate capacity.  *See Ex parte Charles Bell Pontiac-Buick Cadillac-GMC, Inc*., 496 So. 2d 774, 775 (Ala. 1986).  In order to hold a corporate employee personally liable for the negligent acts of a corporation, he or she must have personally helped bring about the injury or be a participant in the wrongful act.  *See Legg v. Wyeth*, 428 F. 3d 1317 (11th Cir. 2005) (applying Alabama law).

Under this line of cases, Plaintiff cannot prevail in an action against Coots because her allegations are insufficient as a matter of law to satisfy Alabama's "personal participation" prerequisite for personal liability of a corporate agent.  *See Kimbrough v. Dial*, Civil Action No. 06-585-WS-C, 2006 WL 3627102 *1 (Dec. 11, 2006, S.D. Ala.).  As articulated in Defendant's Notice of Removal (Doc. 1) and Objection and Brief in Opposition to Plaintiff's Motion to Amend the Complaint (Doc. 27), Plaintiff's original Complaint includes a general allegation of negligence as follows:

> The Defendant Wal-mart [sic] Stores, Inc. employed fictitious Defendant X,Y,Z and Defendant Ray Coots.  The Defendants negligently failed to properly inspect the shelving to assure that the shelving and the product placed upon it complied with minimal safety procedures designed to

---

[1] *Kimbrough v. Dial*, Civil Action No. 06-585-WS-C, 2006 WL 3627102 *1 (Dec. 11, 2006, S.D. Ala.); *McDonnell v. Cracker Barrel Old Country Store*, Slip Copy, No. 06-0798-WS-M, 2007 WL 314492, *1 (Jan. 31, 2007, S.D. Ala.) (noting that there is a reasonable possibility that Alabama courts could hold that a manager of a store owes a duty of care to customers)

4

> prevent product from being knocked into the passageways and the aisles
> that were to be dispersed by customers.

(emphasis added) (Complaint, Count Three, ¶ 1.)  Plaintiff's Complaint failed to contain

any allegations of any personal participation by Coots, such that he personally failed to

maintain the store in a reasonably safe condition, that he personally failed to warn the

plaintiff of the unreasonably dangerous condition, and/or that he personally caused or

allowed the unreasonably dangerous condition to exist.[2]  *See Kimbrough*, *supra*, at *5.

Plaintiff's failure to include any specific allegations against Mr. Coots evidences her

intent to simply name a resident defendant in an effort to defeat diversity jurisdiction.[3]

The record reveals that Coots was included in this action simply because he was

the manager of the subject store and not because of any personal participation in the acts

alleged.  As manager of Wal-Mart Store #734, Ray Coots' responsibilities did not involve

stocking or overseeing the placement of Greased Lightning onto the Wal-Mart shelves.

(Affidavit of Ray Coots, attached at Exhibit "A," ¶ 3.)  Nor was he personally responsible

for inspecting the shelves, as Plaintiff contends, to guarantee that the "shelves and the

product placed upon it complied with minimal safety procedures."  (Doc. 1, Ex. A, Count

Three, ¶1; Coots Aff. ¶ 3-5.)  Most importantly, Mr. Coots was not working the week of

Plaintiff's incident and therefore could have had no personal involvement whatsoever in

---

[2] Plaintiff's Motion for Leave to Amend her Complaint was granted but has not been considered in light of Defendant's Objection and Brief in Opposition to Plaintiff's Motion for Leave to Amend the Complaint, which is pending before this Court.  Accordingly, Wal-Mart has not addressed Plaintiff's Amended Complaint for purposes of this Response to Plaintiff's Motion to Remand.

[3] Significantly, Count Four of Plaintiff's Complaint is devoted entirely to "fictitious defendants." However, nowhere in Plaintiff's original Complaint are there separate counts pleaded and alleged specifically against Ray Coots. (Doc. 1, Ex. A.) While Plaintiff is now attempting to amend her Complaint to include specific claims against Ray Coots, which directly corresponds to Wal-Mart's Notice of Removal, this attempt should fail for the reasons set forth in Wal-Mart's Objection to Plaintiff's Motion for Leave to Amend the Complaint.  (Doc. 27.)

Plaintiff's alleged injuries. (Coots Aff. ¶ 4-5.)  While Plaintiff seeks to hold Mr. Coots accountable, she must have *some* basis for alleging negligence and wantonness against him.  She has none.  Accordingly, she has no possibility of establishing a claim against him under Alabama law.

Plaintiff's Response to Order to Show Cause, Motion for Fees, and Motion to Remand provides no authority which is contrary to Defendant's argument regarding the "personal participation" requirement in Alabama.  The case law cited by Plaintiff, only some of which is relevant to actions in premises liability, simply reiterates the well-settled notion of the duty of a premises owner to maintain its store in a reasonably safe condition.   See *Kmart Corp. v. Bassett*, 769 So. 2d 282 (Ala. 2000); *Tennessee Coal, Iron & R. Co. v. Burgess*, 158 Ala. 519, 47 So. 1029 (Ala. 1908); *Southern Minerals Co. v. Barrett*, 281 Ala. 76, 199 So. 2d 87 (Ala. 1967); *Winn-Dixie Store No. 1501 v. Brown*, 394 So. 2d 49 (Ala. Civ. App. 1981).  Though Plaintiff also attempted to "throw in the kitchen sink" as to various scenarios in which Mr. Coots might be personally liable, all are merely theoretical and cannot overcome the fact that he was not present the week of Plaintiff's incident.  Plaintiff's claims against Mr. Coots, even if found to have been properly alleged in her original Complaint or proposed Amended Complaint, are not sufficiently reasonable to defeat Wal-Mart's fraudulent joinder claim.

Where fraudulent joinder exists, as it does here, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court. *Florence v. Crescent Resources, LLC*, 484 F. 3d 1293, 1297 (11th Cir. 1997).  Plaintiff failed to sufficiently allege any element of personal participation by Ray Coots and thus her cause of action against him is insufficient under Alabama law.  Accordingly, Coots

was fraudulently joined, his citizenship is irrelevant, and this case was properly removed from the Circuit Court of Coffee County, Alabama to the United States District Court for the Middle District of Alabama, Southern Division.

**2.      Plaintiff's Request for Costs Is Due to Be Denied.**

Defendants have in good faith and based on an objectively reasonable basis asserted a timely Notice of Removal under the judicially created doctrine of fraudulent joinder.  Accordingly, even if this Court rules in favor of Plaintiff's Motion to Remand, Plaintiff's request for costs and expenses is due to be denied.  *See McDonnell v. Cracker Barrel Old Country Store*, Slip Copy, No. 06-0798-WS-M, 2007 WL 314492, *1 at *3 (Jan. 31, 2007, S.D. Ala.) (granting plaintiff's motion for remand but denying demand for fees because plaintiff failed to show that defendants lacked an objectively reasonable basis for seeking removal or that unusual circumstances existed in order to justify an award of fees).

Plaintiff's argument that she is entitled to costs because Defendant "continues to attempt to improperly remove cases based upon the same reasoning" and has been "placed on notice" because of an adverse ruling is unfounded.   While Wal-Mart acknowledges that it relied on a theory of fraudulent joinder to remove a case which under the circumstances was unsuccessful, the facts and circumstances surrounding that case are distinguishable.  *See Holloway v. Morrow*, Slip Copy, No. 07-0839-WS-M, 2007 WL 401305, *1 (Feb. 11, 2008, S.D. Ala.).  In *Holloway*, the court determined that the plaintiff directly alleged in her Complaint, and later in her responses to discovery, certain acts that the manager was supposed to have done that he specifically failed to do. Accordingly, the plaintiff sufficiently raised the possibility that she may have a cause of

action under state law.  *Id*.  The Court disagreed with Wal-Mart's argument regarding whether the defendant-manager owed the plaintiff a duty, but Wal-Mart has made no similar argument here in this case.  Rather, in this case, the critical element of personal participation has not been duly alleged, the defendant was not even present prior to or during Plaintiff's incident, and Plaintiff has provided no theories to support that state law might impose liability on Mr. Coots.

### Conclusion

Defendant Ray Coots was fraudulently joined in this action in an effort by Plaintiff to defeat federal jurisdiction.  Based on the foregoing reasons, Plaintiff has no valid tort claim against Coots because she has alleged no personal participation on his part such that she could recover under Alabama law.  Therefore, Plaintiff's Motion to Remand is due to be denied.  In addition, Plaintiff's requests for costs is also due to be denied.

Respectfully submitted,

/s/ Jennifer A. Doughty
W. PEMBLE DELASHMET (DELAW0873)
CHAD C. MARCHAND       (MARCC5089)
JENNIFER A. DOUGHTY     (DOUGJ5407)
Attorneys for Defendants, Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:     (251) 433-1578

9

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day April 25, 2008, filed the foregoing with the Clerk of the Court using the appropriate electronic filing system, which will send notice to the following counsel of record:

Charles N. Reese
Post Office Box 250
Daleville, Alabama 36322

/s/ Jennifer A. Doughty
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RITA SHAE WOODHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:08CV-207-MHT |
| | ) | |
| WAL-MART STORES, INC., ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**AFFIDAVIT**

STATE OF ALABAMA

COUNTY OF COFFEE

Before me this day appeared Ray Coots who, being first duly sworn, did state as follows:

1.    My name is Ray Coots, I am over the age of 19, and have personal knowledge of the facts stated herein.

2.    I have been a manager for Wal-Mart for over 23 years.

3.    My job responsibilities, including at and around the time of this accident, did not involve stocking or overseeing the placement of Greased Lightning onto the Wal-Mart shelves. I did not inspect the shelves upon which the Greased Lightning was placed on or around September 13, 2006.

EXHIBIT
A

4.     I was not present in Wal-Mart Store #734 from September 8-16, 2006 and therefore could not have had any personal involvement in the incident about which Plaintiff complains.

5.     The Greased Lightning product would have been stocked at least once, if not more, from September 8-13, 2006. Because I was not present in the store, upon stocking I would not have had a chance or opportunity to inspect the product or shelves, nor would I have supervised any employee who did so.

RAY COOTS

Before me, the undersigned authority, a Notary Public in and for said County and said State, personally appeared RAY COOTS, who is known to me, and who after being by me first duly sworn does depose and say on oath the above testimony and that he voluntarily affixed his signature thereto.

Sworn to and subscribed before me, a notary public in said state and said county, on this the 25th day of April, 2008.

Notary Public
My commission expires: July 20, 2008

[NOTARIAL SEAL]

2